JOHN FRATTA *vs.* JERRY L. ROSSETTI & another.

Worcester. September 23, 1931. — October 2, 1931.

Present: RUGG, C.J., CROSBY, WAIT, & SANDERSON, JJ.

*Bills and Notes,* Note as payment. *Payment. Evidence,* Presumptions and burden of proof. *Practice, Civil,* Exceptions, Verdict, New trial.

Where there was evidence, at the trial of an action for a balance due for labor and materials, that the defendant made and delivered to the plaintiff a note for an amount less than the sum sought to be recovered; that the note was given so that the plaintiff might get it discounted and thus use it for obtaining cash; and that it was not returned to the defendant; and there was no evidence that it was paid, it was error to instruct the jury that the defendant was not entitled to credit for the note unless he paid it: the delivery of the note was presumed to be payment to the plaintiff *pro tanto,* and it was a question for the jury whether that presumption was rebutted.

The declaration in the action above described did not include a count on the note. There was a verdict for the plaintiff for the full amount of the plaintiff's claim. It appeared that the note was in the possession of the court as an exhibit. The defendant alleged an exception solely to the instruction by the trial judge. In the circumstances, this court, having the whole situation before it, *held,* that the defendant justly ought to pay the plaintiff the whole sum found due by the jury, that the difference between the parties was merely academic, and that the error by the judge did not require a new trial of the entire action; and sent a rescript making provisions in detail either for a surrender and cancellation of the note by the plaintiff, in which event the defendant's exception should be overruled, or, if that were not done, for a sustaining of the exception, a new trial confined to the question, whether the note was payment *pro tanto,* and judgment according to the result.

CONTRACT against Jerry L. Rossetti and Mary S. Rossetti. Writ dated July 3, 1928.

The action was tried in the Superior Court before *Beaudreau*, J.  Material evidence and a portion of the charge to the jury are stated in the opinion.  The judge ordered a verdict for Mary S. Rossetti.  There was a verdict for the plaintiff in the sum of $1,010.14 against Jerry L. Rossetti. He alleged exceptions.

*N. Rosenfeld,* for the defendants.

*N. Fusaro, (H. D. Barbadoro* with him,) for the plaintiff.

RUGG, C.J.  This is an action of contract whereby the plaintiff seeks to recover a balance due for work done and materials furnished for the defendants.  Verdict was ordered in favor of the female defendant and no question is raised respecting that.  Reference will be made alone to the defendant who excepted.  The defendant pleaded payment among other matters.  The jury returned a verdict for the plaintiff for $1,010.14.  It is conceded that a finding for the plaintiff was warranted by the evidence. The only point presented on the record is whether the defendant was entitled to a credit of $300 by reason of a promissory note for that amount made by the defendant to the order of the plaintiff and delivered to the plaintiff.  There appears to have been no controversy that such note was made and delivered, and never returned to the maker or to any one in his behalf.  There was no evidence that it had been paid, and the defendant does not so contend.  The declaration did not include a count on this note, nor was it credited on the account annexed.  The testimony of the defendant tended to show that the note was delivered to the plaintiff to the end that he might get it discounted and thus use it for obtaining cash.  In this state of the evidence the jury were instructed in substance that the defendant was not entitled to credit for the note unless he paid it.  This plainly was error.  It is and has been the law of this Commonwealth from a period antedating the Revolution that the delivery of a negotiable note is presumed to be payment to that extent of the indebtedness between the parties.  That presumption is rebuttable and, when there is evidence having that tendency, commonly a question of fact is presented which must be settled by the

fact finding tribunal. That question ought to have been submitted to the jury in the case at bar. *McKinley* v. *Warren*, 218 Mass. 310, 313, 314. *Stebbins* v. *North Adams Trust Co.* 243 Mass. 69, 73, 74, and cases collected. *Dow* v. *Poore*, 272 Mass. 223, 227.

It was stated at the argument by counsel for the defendant, in reply to questions from the bench, that the defendant would be content if a credit of the amount of the note were allowed upon the judgment. The plaintiff states in his brief that "The note is now in the possession of the court as an exhibit and the plaintiff now offers to surrender the note to the defendant." In any event, this court would order the general verdict for the plaintiff to stand and that, if a new trial were to be had, it would be confined to the question whether the presumption as to payment by the note prevailed, or whether it was overcome by the evidence. *Simmons* v. *Fish*, 210 Mass. 563. See *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 378. The whole situation appears to be before us. On consideration of that general situation, it is manifest that the defendant ought to pay to the plaintiff the principal amount found due by the jury. That amount is due either on the account annexed, on the one hand, or on that account, less the $300 to be credited as part payment by the note, plus the amount due on the note, on the other hand. The technically correct method of ascertaining the precise amount would depend upon the ultimate finding whether the note was to the extent of its face payment of the indebtedness. The only possible difference to the parties is in the matter of interest. There is no allegation in the declaration of demand of payment of the debt, and interest from the date of such demand. Hence, the interest ought to have been calculated from the date of the writ, which was July 3, 1928. The note bears interest from its date, which was June 1, 1928. Therefore, whatever slight advantage there may be on this point is with the defendant. The plaintiff cannot recover on the note in the present action, if it should be found to the extent of its face to have been payment on the account, without amending his declaration. It follows that

the difference between the parties is academic and not prac-
tical. Since in any event the plaintiff is entitled to judg-
ment for some amount, even if the note was payment so
far as it went, he also is entitled to recover his costs. G. L.
c. 261, §§ 1, 23. The palpable error in the instruction to
the jury does not require a new trial in order that justice
be done between the parties. The plaintiff may file with
the clerk of the Superior Court a statement that he sur-
renders the note and makes no claim with respect to it and
that it may be cancelled. It may thereupon be marked
"Cancelled" by the clerk and held for delivery to the de-
fendant upon demand. When these things have been done,
the exceptions may be overruled. G. L. c. 231, § 124.
*Matthews* v. *New York Central & Hudson River Railroad*, 231
Mass. 10, 19. *Sullivan* v. *Roche*, 257 Mass. 166, 170–171.
*Barnes* v. *Springfield*, 268 Mass. 497, 514. *Boston & Provi-
dence Railroad* v. *Old Colony Railroad*, 269 Mass. 190, 199.
*Walsh* v. *Cornwell*, 272 Mass. 555, 565. If, however, such
statement is not filed within thirty days from the date of
the rescript, the exceptions may be sustained; but the gen-
eral verdict for the plaintiff is to stand and the new trial is
to be confined to the question whether the promissory note
was *pro tanto* a payment on the account. If it is found to
have been such payment, then the amount thereof with
appropriate adjustment for interest is to be deducted from
the verdict and judgment is to be entered for the plaintiff
for the balance. If it is found not to have been such pay-
ment, then judgment is to be entered on the verdict origi-
nally returned. The Superior Court may allow appropriate
amendments to the pleadings. *Eastman* v. *Steadman*, 269
Mass. 250, 252. If such amendments are allowed, the issues
may be changed accordingly.

*So ordered.*