No. 2974        Northern        Middlesex, ss.

WEINER                 (Morris Kaufman)
v. GORDON ET AL       (Lloyd Ritvo)

From the First District Court of Eastern Middlesex—Brooks, J.

Argued June 30, 1941—Opinion filed August 6, 1941

PETTINGELL, J. (Jones, P.J. and Henchey, J.)—Action of contract against two defendants to recover for work done. The case was discontinued as to one defendant, Gordon, who went into bankruptcy after signing a note for the amount due. The defendant, Gilman, pleaded the general issue and payment. The case against Gilman went to trial, and evidence was introduced that before Gordon went into bankruptcy he made and delivered to the plaintiff a promissory note for the amount of the debt with the assurance that Gilman also would sign the note. Gilman promised the plaintiff that he would sign, but never did so. One payment of $5.00 was made on the note by Gordon, before bankruptcy, which was accepted by the plaintiff with the expectation that Gilman was going to sign the note.

The trial judge found as fact that the plaintiff accepted the note on the condition that Gilman would sign and that it was not accepted in payment of the debt. He found for the plaintiff.

The sole issue in the case is the denial of the defendant's sixth requested ruling,

"6. Upon all the evidence the note given in this case was in payment of the pre-existing debt."

There was no error in the denial of the request as such a ruling raises only a question of fact.

The law in Massachusetts is that the giving of a promissory note, after there is a pre-existing debt, is at most, only a prima facie payment of the debt. It creates a presumption of its payment. *Taft* v. *Boyd,* 13 Allen 84. It is evidence of the payment of a pre-existing debt and is sufficient where there is

nothing to defeat the inference of payment or to show that such was not the intention of the parties. *Ely* v. *James,* 123 Mass. 36. In the absence of all such contrary proof it is payment. *Amos* v. *Bennett,* 125 Mass. 120. It is a question of intention, and the intention to discharge the original debt is presumed when a different intention is not shown by the evidence or inferred from the circumstances. *Cotton* v. *Atlas National Bank,* 145 Mass. 43.

The presumption of payment is rebutted by evidence of a contrary intention or of facts sufficient to constitute rebuttal. *Taft* v. *Boyd,* 13 Allen 84. *Fratta* v. *Rossetti,* 277 Mass. 98.

The existence of the presumption of payment, and the fact that such a presumption may be rebutted, raises issues of fact. *Fratta* v. *Rossetti,* 277 Mass. 98. *Federal National Bank of Boston* v. *O'Connell,* Mass. Adv. Sh. (1940) 665. (24 BTL 316).

In the case at bar there was evidence upon which the trial judge could warrantably find that the note was given by Gordon with the statement that Gilman, also, was to sign, and that Gilman, also, promised to sign. This evidence is sufficient to warrant the finding that the plaintiff did not accept the note with one signature "in consideration of the payment of debt." There was no consideration moving from the defendant for such an intention, bringing the case within the rule that the presumption of payment is rebutted where its effect would be to deprive a plaintiff of the substantial benefit of present security. Here the security was the existence of another debtor. *Melledge* v. *The Boston Iron Co.* 5 Cush. 158. *Jeffrey* v. *Rosenfield,* 179 Mass. 506. This is true where the presumption, if found to be a fact, deprives the plaintiff of an existing mortgage. *Taft* v. *Boyd,* 13 Allen 84. *Kendall* v. *Bolster,* 239 Mass. 152; or causes him to lose a mechanic's lien, *Brewer Lumber Co.* v. *Boston & Albany R. R.* 179 Mass. 228. *Cary Brick Co.* v. *Wheeler,* 210 Mass. 338; or the benefit of recourse against another signer of the note. *Maneely* v. *McGee,* 6 Mass. 143.

The trial justice, therefore, had before him two issues only, both of fact, whether there was an intention not to accept the note as payment, and whether the circumstances of the passing of the note warranted a finding of fact that the presumption was rebutted. He found as fact an intent not to accept the note as payment. This finding of fact disposed of the case. But the finding for the plaintiff imported, also, the further finding, well warranted in fact, and according to the cases already cited, required in law, that where one of two debtors gives a promissory note, no consideration moving from the other, the fact that the result of regarding the presumption of payment as conclusive will relieve that other from all payment, will rebut, the presumption.

It might be added that the defendant filed no requests dealing with the sufficiency of the evidence to warrant the find-

ings of fact made by the trial judge. The findings of fact already made, therefore, cannot be questioned or impugned. *Reid* v. *Doherty*, 273 Mass. 388. *Looby* v. *Looby*, 303 Mass. 391. *Carney* v. *Cold Spring Brewing Co.* 304 Mass. 392.

No prejudicial error appearing, the report is to be dismissed.