*Southern Division*
No. 18569

## HAROLD GOOBER

v.

## GEORGE WAYNE

*Present:* Nash, C.J., Cox, Murphy, JJ.

Case tried to *Sullivan, J.,* in the District Court of Southern Norfolk.     No. 18569.

*Cox, J.* This is an action by a public accountant to recover compensation for accounting services rendered two corporations, for the payment of which the defendant has obligated himself in writing. There was a finding for the plaintiff in the sum of $725.00. The defendant's answer is a general denial and the additional answer that he was induced and tricked into signing the document by which he personally bound himself to pay for the plaintiff's services.

The defendant filed a request for ten rulings of law all of which the justice allowed. Claiming to be aggrieved by the finding for the plaintiff, notwithstanding the allowance of his requested rulings, the defendant claimed a report and duly filed a draft report. A hearing was held on the draft report following which the justice held that "No question of law having been raised herein, this report is hereby dismissed." The defendant claimed a report of this ruling and filed a draft report.

Thereafter, the defendant filed a motion for a new trial on the grounds (1) that the allowance of the defendant's requested rulings is inconsistent with a finding for the plaintiff, (2) that a mistake in law, injuriously affecting the defendant's rights was made, and (3) that the

finding for the plaintiff is against the evidence and the weight of the evidence. After a hearing the justice denied the defendant's motion for a new trial.

The defendant, claiming to be aggrieved by the dismissal of the draft report and by the denial of his motion for a new trial, the justice reported the same for our determination.

There was no error in the dismissal of the draft report. The only remedies available to the defendant for alleged inconsistency between the allowance of his requested rulings and the findings for the defendant, was a motion to correct that alleged inconsistency or a motion for a new trial. *Cook* v. *Kozlowski,* Mass. (Mass. Adv. Sh. [1967] 118). *Biggs* v. *Densmore,* 323 Mass. 106. The alleged inconsistency therefore properly came before the court for consideration when the plaintiff filed his motion for a new trial on that ground. We detect no inconsistency between the allowance of the defendant's requested rulings and the finding for the plaintiff.

Neither do we consider that the evidence required a finding that the defendant was tricked into signing the document by which he bound himself to pay the plaintiff's bills. The party who alleges fraud must prove it. Fraud will not be presumed. *Stow* v. *Commissioner of Corporations & Taxation,* 336 Mass. 337, 341. The finding that the defendant was not imposed upon is supported by the evidence.

It appears that the defendant is an officer and major stockholder in two corporations, Ames Construction Co., Inc. (Ames) and Almar Realty Co., Inc. (Almar). The plaintiff, a licensed public accountant, has acted for the defendant as an accountant for ten years and has enjoyed the defendant's trust and confidence in connection with the defendant's financial affairs.

In June, 1963, the defendant having become associated with Almar, asked the plaintiff to take on the Almar account. This the plaintiff agreed to do only if the defendant would guarantee the payment of his fees. Thereafter, the plaintiff rendered services to Almar and Ames until October, 1964. At the defendant's request the plaintiff sent his bills to Almar. The plaintiff, between October, 1963 and October, 1964, mailed monthly statements to the defendant which statements showed a balance of $650. due for services to Almar. The plaintiff also made several telephone calls to the defendant regarding payment. The defendant made no objection to the bills and promised payment.

Early in October, 1964, the defendant asked the plaintiff to do additional accounting work for the corporations. Both corporations were known by both plaintiff and defendant to be insolvent. The plaintiff asked the defendant for payment of $650. due from Almar. The defendant replied that he was "strapped" and would pay later. The plaintiff then told the

defendant that he wanted the guarantee of payment in writing. To this the defendant replied "O.K.". The plaintiff prepared the document which obligated the defendant personally to pay outstanding and future accounting charges to the corporations.

On October 5, 1964, the defendant came to the plaintiff's office alone. He brought with him record books of Ames for the preparation of tax returns. On that occasion the plaintiff handed the document to the defendant saying "This is the guarantee." The defendant took the instrument, read it, and then signed it. Thereafter the plaintiff prepared tax returns for Ames and charged $75.00 for that service.

There was evidence that the defendant has paid his personal bills to the plaintiff in full and that the only way the plaintiff could be assured of payment of the pre-existing corporate debt of $650.00 was by the defendant's personal guarantee in writing.

There was also evidence that the defendant would not have signed the document had he realized that by so doing he became personally liable for the pre-existing corporate debt. He had signed two or more documents in blank before receiving the guarantee from the plaintiff who was then saying "Here, sign this, it is a guarantee." The defendant had recently lost the sight of one eye and the vision of the other was impaired thereby. He was in poor mental and physical health, although he was

able to operate an automobile on the public highways. The plaintiff was aware of the defendant's impaired vision. Finally, there was evidence that the plaintiff did not give a copy of the instrument to the defendant.

The justice made detailed special findings. He found that the plaintiff made no misrepresentations of fact to the defendant, that the defendant knew that the document was a guarantee of payment of specific corporate debt, that the defendant knew that he was obligating himself personally and not as a corporate officer, and that the defendant signed the document of his own free will without fear, coercion or undue influence. He found that there were no fraudulent acts nor any breach of any fiduciary relationship by the plaintiff.

The ten rulings which the defendant requested and which the justice allowed are noted in the margin.

The requested rulings are all predicated upon the assumption that the plaintiff as a fiduciary of the defendant, violated that high degree of fidelity which the law imposes upon the fiduciary, by taking improper advantage of the defendant for his own illegal gain. That the plaintiff as a fiduciary is to be held to that high standard of fidelity which the law imposes upon him is not to be questioned.

The difficulty with the defendant's position is that his requested rulings assume such facts as were not required to be found and

which indeed were refuted by the evidence. *Sikora* v. *Hogan,* 315 Mass. 66, 70. *Perry* v. *Hanover,* 314 Mass. 167, 169-170.

The justice could have denied, instead of granting, Nos. 2, 4, 5, 6, 7, 8, 9 and 10. He did not have to give requests like those "when he does not find the facts upon which the requests are assumed." *Fain* v. *Fitzhenry — Guptill Co.,* 335 Mass. 6, 9. They could also have been denied as essentially requests for findings of fact which were not required and which therefore presented no question of law. *Stella* v. *Curtis,* 348 Mass. 458, 461. *Perry* v. *Hanover,* 314 Mass. 167, 169-170.

The allowance of the defendant's requested rulings and the findings for the plaintiff are not inconsistent actions by the justice. It is quite apparent from his detailed special findings that he allowed the requests as correct statements of law on the facts assumed, but rejected the facts upon which the requests were assumed. Their allowance does not affect the decision. They were abstractions, rendered immaterial and inconsequential by the special findings. *Feldman* v. *Davey Development Co., Inc.,* 340 Mass. 784. *Fibre Leather Mfg. Corp.* v. *Ramsay Mills, Inc.,* 329 Mass. 575, 577. *Federal National Bank* v. *O'Connell,* 305 Mass. 559, 567-568. *Saulenas* v. *Penn,* 287 Mass. 409, 412-414. *Duralith Corp.* v. *Leonard,* 274 Mass. 397, 400-401. There was, accordingly, no error in

denying the defendant's motion for a new trial on the ground of alleged inconsistency.

The situation in this case where the justice allowed requested rulings as correct statements of law based on assumed facts which he did not find, and then expressly and in detail found otherwise, is to be distinguished from a case such as that where the judge grants requests that a party is entitled to prevail and then finds that he is not. In the latter case there is a prejudicial inconsistency. See *Raytheon Mfg. Co. v. Idemnity Ins. Co.,* 333 Mass. 746, 749.

There was no error in denying the motion on the other and more familiar grounds. It was addressed to the discretion of the justice which we think was rightly exercised. *Forman v. Wolfson,* 321 Mass. 749. *Cohen v. Peterson,* 320 Mass. 315, 316.

As no prejudicial error of law appears the report should be dismissed.

The defendant's requested rulings which the justice allowed are as follows:

"1. A 'fiduciary relation' exists when confidence is reposed on one side and there is resulting superiority and influence on the other, which relation need not be legal, but may be moral, social, domestic, or merely personal.

2. When a fiduciary relation exists, the law imposes the rule that the fiduciary may in no way exert influence or pressure upon the other, or benefit himself or prejudice

the other except in the exercise of utmost good faith and with the full knowledge and consent of that other, business shrewdness, hard bargaining, and astuteness to take advantage of the forgetfulness or negligence of another being totally prohibited as between persons standing in such relationship to each other.

3. The Plaintiff, Harold Goober, stood in a fiduciary relationship with the defendant George Wayne.

4. When one who stands in a fiduciary relationship with another, induces the other to sign a written contract guarantying the past obligations of a third party, said fiduciary has a duty to disclose all material facts to the one whose confidence he possesses, and a concealment will render the contract either void or voidable.

6. When a person who stands in a fiduciary relationship with another, induces that other to sign a written contract of guaranty prepared by the fiduciary representing that the import of said guaranty is that the fiduciary is doing work for the other and hopes to be paid when the other can, such a representation is fraudulent, a material inducement to the execution of the contract, and will render the said contract void or voidable.

7. A fraudulent misrepresentation of the nature of the contents of a writing by

which a party was induced to sign it may render the writing voidable.

8. A contract made through fear, coercion or undue influence is voidable.

9. Fraud, duress, or undue influence in the obtaining of a guaranty, when participated in by the guarantee are sufficient grounds for setting the guaranty aside.

10. The representation that the import of a writing guarantying the past obligations of another, is that the guarantee is doing tax work for the guarantor and hopes to be paid when the guarantor is able, is fraudulent.''

DWORK & GOODMAN

of Boston, for the Plaintiff.

SAMUEL ZAHAROFF

of Boston, for the Defendant