LARRY CISCO *vs.* IRVING ZUSSMAN.

Suffolk. March 9, 1972 — June 1, 1972.

Present: TAURO, C.J., CUTTER, REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Broker,* Commission

A real estate broker hired by an owner of property to procure a purchaser thereof was not entitled to a commission where a prospective purchaser procured by the broker to buy at the owner's price conditioned his obligation to buy upon his obtaining approval of his credit for bank financing and so was not ready, able and willing to buy on the owner's terms, and the sale did not take place. [21]

CONTRACT. Writ in the Municipal Court of the City of Boston dated September 6, 1969.

The action was heard by *Mottola,* J.

*Samuel Newman* for the plaintiff.

*Alexander E. Finger* for the defendant.

REARDON, J. The plaintiff seeks in this action to recover a real estate broker's commission from the defendant, claiming that he procured a customer ready, willing and able to purchase the defendant's real estate. The declaration is in two counts, one on a contract, and the second on an account annexed for services rendered. The defendant answered by general denial. A judge of the Municipal Court of the City of Boston made a finding in favor of the plaintiff. The Appellate Division ordered that the finding be vacated and judgment be entered for the defendant. From this order the plaintiff appealed.

The plaintiff was a licensed real estate broker, and the defendant was the owner of real estate located at 19 Winchester Street, Boston. Early in 1969, following inquiry by a person interested in the defendant's property, the plaintiff communicated with the defendant who stated he would sell the property for $50,000. The ensuing negotiations, however, never came to fruition. In May, 1969, the plaintiff met one Gregory Fossella who evinced interest in the property. Meeting in July with Fossella and the plaintiff, the defendant again priced the property at $50,000. Still later in July at another meeting, the building was inspected by Fossella. Subsequently the plaintiff and Fossella discussed the terms of a possible transaction "such as free of all tenants, clear title to property and to sign the agreement by all parties prior to July 31, 1969." Fossella then sent the plaintiff a check for $5,000 as a down payment on the purchase price with an accompanying letter which said in part, "Our obligation to purchase, and the enclosed payment on account, are subject to our obtaining approval of our credit for conventional bank financing, clear record title on the property and our obtaining possession of the building free of all tenants and according to such other terms and conditions as are customary in the Greater Boston Purchase and Sales Agreement for Real Estate."

The plaintiff advised the defendant of his receipt of the check, whereupon the defendant stated the purchase price was to be $55,000, a price which did not interest Fossella. The defendant then told the plaintiff he had changed his mind about selling the property. At the close of the trial before the judge, the defendant filed seven requests for rulings, all but the seventh being granted.

The seventh request read as follows: "Upon all the evidence, the buyer was not ready, willing and able to perform if they attached certain conditions to his acceptance." In denying the request the judge made reference to his findings of fact. The Appellate Divi-

sion ruled that there was reversible error in the refusal to grant the seventh request, a ruling with which we agree.

The evidence warranted a finding that the defendant engaged the plaintiff to act as a broker in procuring a customer for his property. The broker, absent certain circumstances, was entitled to a commission if he produced a customer ready, willing and able to buy upon the terms and for the price stated by the owner to the broker. *McEvoy* v. *Ginsberg*, 345 Mass. 733, 735. *Henderson & Beal, Inc.* v. *Glen*, 329 Mass. 748, 751–752. In essence, request No. 7 posed the question whether Fossella was ready, willing and able to purchase the property on the defendant's terms prior to the defendant's alteration of those terms by raising the price asked. If Fossella attached conditions to his acceptance not within the defendant's terms then Fossella was not ready, willing and able to purchase on the defendant's terms. The standard of review of the judge's denial of request No. 7 is whether upon the evidence "with all rational inferences which might be drawn therefrom, a finding for the plaintiff can be sustained." *Heil* v. *McCann*, 360 Mass. 507, 511. The Appellate Division correctly concluded that the evidence did not warrant such a finding. Fossella conditioned his obligation to purchase on an approval for credit which made him unprepared to purchase the property on the defendant's terms. Until he had acquired that approval he was not a ready, willing and able buyer but one qualifying his acceptance. *Chapin* v. *Ruby*, 321 Mass. 512, 515. *Drake* v. *Sweet*, 325 Mass. 542, 545–546. *MacDonald* v. *Mihalopoulos*, 337 Mass. 260, 262–263. The order of the Appellate Division vacating the finding for the plaintiff and ordering judgment to be entered for the defendant is affirmed.

*So ordered.*