**Paul J. KERRIGAN & another**[1]
**vs.**
**John J. PERENYI & another**[2]

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

**July 3, 1980**

David L. Delaney for the plaintiff.
John Perenyi for the defendant.

Present: Lee, P.J.*, Rider & Welsh, JJ.

**RIDER, J.** This is a civil action in which the plaintiffs seek to recover damages for the alleged retention by the defendants of a security deposit on a parcel of land after the defendants were unable to convey a marketable title, as provided in the purchase and sale agreement signed by the parties.

In their answer, the defendants pleaded a general denial, and set up the affirmative defenses of payment and accord and satisfaction.

The court found for the "plaintiff's" (sic) in the sum of $2,000.00.

At the trial there was evidence tending to show the following:

On or about July 11, 1972, the parties signed a purchase and sale agreement, a copy of which was appended to the plaintiffs' declaration as Exhibit "A." The plaintiff, Kerrigan, testified that he made an initial deposit of $1,000.00 which was paid to the broker, Jack Merry. In October, 1972, the parties signed an extension agreement dated October 24, 1972, pursuant to which the purchase and sale agreement was extended to November 20, 1972. The plaintiff, Kerrigan, paid an additional $1,000.00 to the broker, Merry, on October 16, 1972. Thereafter, the parties signed another agreement,

---

[1]Seashore Properties of Duxbury, Inc.
[2]Mark J. Wilcox.

★Although Presiding Justice Edward A. Lee was a member of the panel, he did not participate in this decision.

extending the date for performance to January 8, 1973 (sic).

The plaintiff, Kerrigan, testified that he never met the defendant, Perenyi, until the date of trial on October 24, 1978; that he never paid any money directly to the defendant, Perenyi; and that he personally never made any demand upon said defendant, Perenyi, for the refund of his deposit.

The plaintiffs called as a witness the broker, Jack Merry, who testified that he received two payments in the amount of $1,000.00 from the plaintiff, Kerrigan, who was his client. The first payment was in July of 1972 and the second, on or about October 16, 1972.

On two separate occasions the defendant, Wilcox, went to the broker, Jack Merry, and requested that the $1,000.00 deposits paid by the plaintiff be turned over to the sellers. In July, 1972, Merry drew a check on his business account payable to the order of both defendants in the amount of $1,000.00, and delivered the same to the defendant, Wilcox. This check was not introduced into evidence. On or about October 16, 1972, and again pursuant to the request of Wilcox, Merry drew a check on his business account payable to both defendants in the amount of $1,000.00, and delivered the same to the defendant, Wilcox. The check was deposited, cleared and eventually returned to the broker, Merry. This check was introduced into evidence as an exhibit for the plaintiffs. Merry testified on cross-examination that he did not compare what purported to be the defendant, Perenyi's, signature which he had on the purchase and sale agreement and the extensions.

The defendant, Perenyi, testified that the signatures on the purchase and sale agreement and the extension agreements were his. He denied the genuineness of what purported to be his endorsement on the $1,000.00 check drawn by Merry and delivered to the defendant, Wilcox, on October 16, 1972. He produced a Massachusetts operator's license bearing his signature,

and the same was presented to the trial justice for comparison with Perenyi's signature on the other exhibits. He also testified that he did not know that the defendant, Wilcox, had received the checks, each in the amount of $1,000.00, from Jack Merry until the latter called him at his law office on behalf of the plaintiff to demand the return of the deposits. He further testified that he never received any money from the plaintiff, Kerrigan, nor even met him until the day of the trial. He also acknowledged the genuineness of his signature on two letters or memos to Jack Merry, one dated November 13, 1972, and the other dated December 9, 1972, received in evidence as plaintiffs' Exhibits "H" and "I."

At the close of the trial and before final argument, the defendant, Perenyi, made the following requests for rulings of law:

"1. Upon all the evidence and as a matter of law, the Court is warranted in finding for the defendant, John J. Perenyi.
"DENIED.
"**SPECIFICATIONS:**
(a) The evidence warrants a finding that the Plaintiffs never paid any money to the Defendant, John J. Perenyi, or to anyone authorized to act in his behalf.
"ALLOWED.
"(b) The evidence warrants a finding that any money paid by Plaintiffs was appropriated by Defendant Mark J. Wilcox, to his own and sole use.
"ALLOWED.
"(c) The evidence warrants a finding that Defendant, John J. Perenyi, never refused to return to Plaintiffs any money which said Plaintiffs had paid to him or to anyone authorized to act in his behalf.
"ALLOWED.
"2. Ownership of property as tenants in common in and of itself does not constitute either tenants as the agent of the other.
"DENIED—NOT CONSISTENT WITH FACTS FOUND—THE DEED DESCRIBES DEFENDANT AS BEING JOINT TENANT AND NOT TENANTS

IN COMMON.

"3. Plaintiffs have the burden of proving that the money they seek to recover in this action was paid to the Defendant, John J. Perenyi, or to his duly authorized agent, as opposed to being paid merely to the Defendant, Mark J. Wilcox.

"NOT ACTED UPON."

The report states that it contains all the evidence material to the questions reported.

The defendant, Perenyi, claims to be aggrieved by the court's denial of his requests numbers 1 and 2, and by the court's failure to act upon his request number 3.

We determine that there was prejudicial error.

1. The standard of review is "whether upon the evidence, with all rational inferences which might be drawn therefrom, a finding for the plaintiff can be sustained." Cisco v. Zussman, 362 Mass. 19, 21 (1972); Heil v. McCann, 360 Mass. 507, 511 (1971).

The defendant, Perenyi, claims to be aggrieved by the court's denial of his requests for rulings numbers 1 and 2, and its failure to act upon his request number 3. The same issue is central to the court's handling of all three requests, and is addressed explicitly in the court's ruling on request number 2.

Perenyi's second request for ruling asked the court to rule that a tenancy in common does not imply an agency relationship between the tenants. The trial judge denied this request as inapplicable to the facts found, stating that "the deed describes defendant as being joint tenant and not tenants in common." If this finding were supported by the evidence, the ruling would doubtless be correct. However, there is no reported evidence of such deed, nor was the deed, to our knowledge, referred to as having been introduced in evidence as an exhibit. It is fundamental that findings of fact made by the trial judge are not a part of the trial record and must be supported by reported evidence. Findings cannot supply evidence that the report lacks. Tranfaglia v. Security Nat'l Bank, 53 Mass. App. Dec. 25, 30 (1973); Morville v. Villemaire, 45 Mass. App. Dec. 132, 137 (1970); Pettinella v. Worcester, 39 Mass. App. Dec. 7, 9 (1967). Since the judge's ruling on this request is the crux of his ultimate finding for the plaintiffs, we must reverse and remand the case for a new trial.

2. We fail to perceive why the trial judge denied Perenyi's first request, particularly in view of the allowance of the three specifications thereunder. The granting of a request that there is evidence to warrant a finding for the requesting party does not necessarily require such a finding. There is no inconsistency in granting such a request and then finding for the other party. Ryerson v. Fall River Philanthropic Burial Soc'y, 315 Mass. 244, 254 (1943); Hoffman v. Chelsea, 315 Mass. 54, 56 (1943); Marquis v. Messier, 303 Mass. 553, 555-556 (1939); Strong v. Haverhill Elec. Co., 299 Mass. 455-468 (1938). Nor does the granting of such a request imply that there was evidence unfavorable to the plaintiff. It is merely a ruling that the evidence does not as a matter of law require a finding for the plaintiff. Godfrey v. Caswell, 321 Mass. 161, 162 (1947).

3. The trial judge failed to act upon Perenyi's third request. The failure to act upon a request for a ruling of law is the equivalent of a denial of the request. Wolfe v. Laundre, 327 Mass. 47, 49 (1951); John Hetherington & Sons v. William Firth Co., 210 Mass. 8, 18 (1911).

The rule of law embodied in this request would limit the theories under which the plaintiffs could recover to two: that the security deposit was actually paid to Perenyi or that it was paid to his authorized agent. Since this case must be retried, we point out that the plaintiff might prevail under a third theory. If the right to receive the security deposit was possessed jointly by both defendants, then the duty to repay the security deposit upon failure

to meet the terms of the purchase and sale agreement would rest jointly on both defendants. The plaintiffs may thus recover if it is found that the defendants jointly owned the right to receive the security deposit and that the deposit was paid to one of the defendants who appropriated the money for his own and sole use. **Saulenas v. Penn,** 287 Mass. 409, 411 (1934); **Dewey v. Metropolitan Life Ins. Co.,** 256 Mass. 281, 284 (1926). It is to be noted that paragraph 18 of the purchase and sale agreement, which was signed by both defendants as "Sellers," reads as follows: "All deposits hereunder shall be held by the Sellers named below, and shall be duly accounted for by the Sellers at the time for performance of this agreement."

A creditor may recover from either or both of two joint debtors in such proportions as he sees fit. **H. F. Rieser's Sons v. Parker,** 126 F. Supp. 1, 6 (D. Mass. 1955).

A similar result favorable to the plaintiffs may be reached if the evidence upon retrial warrants the finding that the defendants are joint tenants of the real estate in question, and not tenants in common. An obligation owed to or by tenants in common is merely owed severally, while an obligation owed to or by joint tenants is owed jointly. 20 Am. Jur. 2d **Cotenancy And Joint Ownership** s. 92 (1965). Thus, while an agency relationship must be established to recover from one tenant in common a security deposit paid to his cotenant, no agency relationship need be established to recover from one joint tenant a security deposit toward the purchase of that property given to another joint tenant.

4. We have some question as to the standing of the parties plaintiff. Before us are the following exhibits referred to, and incorporated by reference, in the report:

a. Executed copy of the agreement of purchase and sale relating to certain land in the Town of Duxbury dated July 11, 1972. The agrement names the sellers as "Mark J. Wilcox and John J. Perenyi." The buyer is named as "Paul Kerrigan d/b/a/ Kerrigan Builders Inc. of Orchard Road, Marshfield, Massachusetts." Receipt of the deposit of $1,000.00 is acknowledged, and the date for the passing of papers is October 6, 1972. The agreement bears the signatures of the sellers and the signature of "Seashore Properties of Duxbury, By Paul Kerrigan" on behalf of the buyer.

b. Receipt dated October 16, 1972, on the stationery of Jack Merry & Co., Realtors, reciting in part: "Received From Jack Merry & Co. Realtors One Thousand Dollars ($1,000) as an additional Deposit From Shore Drive Properties of Duxbury, Inc. (Paul Kerrigan) . . . This agreement is between Sea Shore Properties of Duxbury, Inc., the buyer and Mark J. Wilcox and John J. Perenyi . . ." The receipt is signed by Mark J. Wilcox.

c. Extension of the purchase and sale agreement dated October 24, 1972 on the stationery of Jack Merry & Co. Realtors, extending the agreement to November 20, 1972, bearing the signatures of the two sellers and execution by the buyer "Kerrigan Builders, Inc., by Paul L. Kerrigan."

d. Extension of the purchase and sale agreement dated December 1, 1972 on the stationery of North Hill Co. Realtors, extending the agreement to January 1, 1973, bearing the signatures of the two sellers and execution by the buyer "Paul L. Kerrigan, Pres. Kerrigan Builders, Inc."

In view of the foregoing exhibits, the docket entries and the report of the case introduce considerable confusion with respect to the proper party, or parties, plaintiff. The docket entries list the plaintiffs as "Paul L. Kerrigan and Seashore Properties of Duxbury, Inc." The docket entry for January 25, 1979 reads, "Finding of Court for Plaintiff's (sic) for $2,000.00 filed, White, J." We take that to mean that the court found in favor of both plaintiffs; namely, Paul L. Kerrigan and Seashore Properties of

Duxbury, Inc. Yet there appears to be some question as to which corporation was the prospective buyer of the land, and thus a proper plaintiff. At any rate, it seems clear that Paul L. Kerrigan acted only in the capacity of an authorized officer or agent of each corporation and not as an individual. It would thus appear that only the corporation found by the court to be the buyer possessed a cause of action against the defendants.

This question will doubtless be resolved upon a retrial of the case.

The finding for the plaintiffs is reversed, and the case is remanded for a new trial.

**So ordered.**