**Mary E. DANAHY**
vs.
**Florence WHIPPLE**

**No. 353**

District Court/Hampden, ss.
Appellate Division/Western District
Trial Court of the
Commonwealth of Massachusetts

**December 17, 1982**

Douglas L. Fox, counsel for plaintiff.
William T. Talcott, Jr., counsel for defendant.

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield upon Report from the Dudley Division and, no error

having been found,

It is hereby

ORDERED: That the Clerk of the Dudley Division make the following entry in said case on the docket of said Court, namely: Report dismissed.

Date: December 17, 1982

William T. Walsh, Justice
Bernard Lenhoff, Justice
Allan McGuane, Justice

Opinion filed herewith.

Robert E. Fein, Clerk

## OPINION

**Walsh, P.J.** This is an action by the plaintiff for the recovery of a real estate broker's commission from the defendant. The plaintiff appeals from a judgment in favor of the defendant.

The issue presented on appeal is whether the trial court erred in finding the plaintiff's two requests for rulings of law immaterial and in declining the plaintiff's request for findings of fact.

The evidence at trial tended to show that the plaintiff, Mary A. Danahy, is a licensed real estate broker in the Commonwealth of Massachusetts. The defendant, Florence Whipple, is a widow with no children and is confined to a wheel chair. The parties became acquainted about six years ago, through a mutual interest in antiques. In April of 1980, the plaintiff and defendant met in the defendant's home and discussed the sale of her home. The defendant referred to the "historical" value of the house as it was originally the Jonathan Davidson House since its owner was a general in the American Revolution.

The evidence also tended to show that there was a discussion regarding the sales price, the plaintiff stating that the price should be $69,000 and the defendant wanting $75,000. The defendant told plaintiff to give her twenty-four hours' notice before showing the house. The defendant also stated that she would need ninety days to vacate as she was looking for an apartment in which to live. There was no exclusive agreement signed. The plaintiff stated to the defendant that she

would probably call in other brokers. She advertised the house in the Worcester papers. The plaintiff did not belong to a multiple listing group but was to share the listing with a Mrs. Yale as a co-broker. Mrs. Yale met with the defendant, the plaintiff and a party named Eastwood and was shown the defendant's home. At this time the defendant stated that she needed to sell her home and that she was sorry to leave her home but she had to because of finances. This conversation took place in the defendant's bedroom.

After this conversation, on May 10th the plaintiff showed the house to a Mr. and Mrs. Garriepy. The Garriepys wished to see the house a second time but defendant refused. On May 23rd, the plaintiff received an offer from the Garriepys. A deposit of $1,000 accompanied the offer of $75,000. The offer was subject to the owner's acceptance of two conditions inserted by the buyers. First, that the purchasers be able to secure a conventional first mortgage of $30,000 for thirty years at prevailing interest rates at the time of closing. Second, the sale was subject to the purchasers selling their home. This offer to purchase was signed by the plaintiff and the Garriepys. It was not signed by Florence Whipple. The plaintiff never discussed the two conditions contained in the offer to purchase with the defendant.

On the morning of May 24th, the plaintiff talked to the defendant who stated that she was happy that she had an offer. On May 27, 1980, plaintiff saw the defendant and her brother, who lived on the second floor and had been present when the Garriepys were shown the house. The brother stated that they had been looking for apartments and inquired, "Do you know what they cost?" The defendant then stated that $75,000 wasn't enough and she had been offered $125,000 long before. The defendant also stated that she could not sell at this time and offered the plaintiff some money for her time. The plaintiff then stated that she was owed a

commission as she had produced a buyer.

At issue is whether the evidence supports the finding that as a fact the plaintiff did not produce a customer who was ready, willing and able to purchase the defendant's property upon terms fixed by the defendant. At the close of trial and before final arguments the plaintiff made the following requests for rulings which were treated by the court as follows:

"1. When a broker is engaged by an owner of property to find a purchaser for it, the broker earns his commission when (a) he produces a purchaser ready, willing and able to buy on the terms fixed by the owner; (b) the purchaser enters into a binding contract with the owner to do so; (c) the purchaser completes the transaction by closing the title in accordance with the provisions of the contract; (d) but if the contract is not completed, due to the wrongful act or interference of the seller, the broker's claim is valid and must be paid. **Tristram's Landing, Inc. vs. Wait**, 327 N.E. 2d 727 (Mass. 1975).

1. Immaterial as I find as a fact that the plaintiff did not produce a customer who was ready, willing, and able to purchase the defendants' property upon terms fixed by the defendant.

2. An oral agreement to pay a broker's commission to a broker upon the broker's procuring buyers ready, willing and able to buy on terms fixed by the owner, is enforceable at law. **Tristram's Landing, Inc. vs. Wait** 327 N.E. 2d 727 (Mass. 1975).

2. Immaterial, for reasons set forth in #1."

The court declined to adopt the plaintiff's requests for findings of fact.

Prior to 1975, the general rule concerning real estate commissions was that in the absence of a special agreement providing otherwise, a broker has earned his commission when he had produced "a customer ready, able and willing to buy upon the terms and for the price given the broker by the owner." **Gaynor v. Laverdure**, 362 Mass. 828, 831 (1973). This rule was applied to limit the duty of the real estate broker to producing a buyer who was ready, willing and able to perform. Once the broker had performed this duty the seller owed the broker a commission whether or not the sale was actually consummated.

In 1975, the Court stated its concern with the operation of this common law rule. "Reason and justice dictate that it should be the broker who bears the burden of producing a purchaser who is not only ready, willing and able at the time of the negotiations, but who also consummates the sale at the time of closing." **Tristram's Landing, Inc. v. Wait**, 367 Mass. 622, 629 (1975). In order to place the burden of proof on the real estate broker the **Tristram** court joined a growing number of minority states and adopted the rule of **Ellsworth Dobbs, Inc. v. Johnson**, 50 N.J. 528 (1967). "When a broker is engaged by an owner of property to find a purchaser for it, the broker earns his commission when (a) he produces a purchaser ready, willing and able to buy on the terms fixed by the owner, (b) the purchaser enters into a binding contract with the owner to do so, and (c) the purchaser completes the transaction by closing the title in accordance with the provisions of the contract. If the contract is not consummated because of lack of financial ability of the buyer to perform or because of any other default of his . . . there is no right to commission against the seller. On the other hand, if the failure of completion of the contract results from the wrongful act or interference of the seller, the broker's claim is valid and must be paid." **Id** at 551.

The plaintiff relies on **Tristram** and **Gaynor** to support her contention that she is entitled to her broker's commission. The plaintiff in relying on these cases is contending that the buyer was ready,

willing and able to buy on the terms fixed by the defendant and that the purchaser entered into a binding contract with the defendant to do so. The trial court disagreed with these contentions, as it found as a fact that the plaintiff did not produce a customer who was ready, willing and able to purchase the defendant's property upon terms fixed by the defendant. **Tristram** established new rules as to the payment of a broker's commission on a deal which is not consummated and these rules are not to the broker's advantage. As to the production of a willing buyer, it reaffirmed what had already been the law in this Commonwealth. **Gaynor v. Laverdure, supra. Henderson & Beal, Inc. v. Glen,** 329 Mass. 748, 751 (1953).

The evidence demonstrates that the buyers' offer was conditioned on the buyers obtaining mortgage financing and the buyers selling their home. These conditions tend to support the finding of fact that the buyer was not ready, willing and able. Further, the plaintiff did not even make the defendant aware of these conditions.

In an action for a real estate commission in which the buyer conditioned his obligation to purchase on approval for conventional bank financing, the Supreme Judicial Court held that until the buyer had acquired that approval, he was not a ready, willing and able buyer. He was a buyer qualifying his acceptance and the broker was not entitled to a commission. **Cisco v. Zussman,** 362 Mass. 19, 21 (1972).

Requests for rulings are properly denied when they are inapplicable to the facts found by the trial justice. A requested ruling may be refused, not because it states an incorrect rule of law, but because it is rendered immaterial. **Pemberton Sq. Operating Co. v. Lydon,** 292 Mass. 63, 66 (1935).

Rule 64(b) of the Dist./Mun. Cts. R. Civ. P. provides in part: "Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appear from special findings filed." In this action, the trial justice did state the fact found upon which he found the request to be immaterial. The fact was that the buyer was not ready, willing and able to purchase the property upon terms fixed by the defendant. A finding of fact of the trial judge will not be disturbed when such finding is supported on any reasonable view of the evidence with all rational inferences of which it is susceptible. **Barttro v. Watertown Square Theatre, Inc.,** 309 Mass. 223, 224 (1941). Findings of fact of the trial judge are conclusive if there was any evidence to support them. **Piekos v. Bachand,** 333 Mass. 211, 213 (1955).

The failure of the judge to adopt the facts proposed by the plaintiff gives no ground for appeal. The trial court is not obligated to pass upon requests for findings of fact and its failure or refusal to do so presents no question of law. **Stella v. Curtis,** 348 Mass. 458, 461 (1965).

No error having been found on the part of the trial justice, the report is ordered dismissed.

**William T. Walsh, P.J.**
**Bernard Lenhoff, J.**
**Allan McGuane, J.**
This certifies that this is the OPINION of the Appellate Division in this cause.
**Robert E. Fein, Clerk**