GEORGE J. GODFREY *vs.* RICHARD A. CASWELL.

Suffolk.   January 9, 1947. — April 1, 1947.

Present: FIELD, C.J., RONAN, WILKINS, & SPALDING, JJ.

*Practice, Civil,* Requests, rulings and instructions, Findings by judge.
*Motor Vehicle,* Nonresident.

In an action heard in a District Court where the plaintiff was the only
witness and the judge found in his favor, the granting of a ruling
requested by the defendant that "the evidence warrants a finding for
the defendant" did not mean that the judge impliedly found that the
plaintiff had testified unfavorably to himself and that such testimony
was binding upon him so that, he being the only witness, a finding for
the defendant was required, but merely meant that a finding for the
plaintiff was not required as a matter of law; and no error appeared
in the denial of a motion by the defendant that the ruling be corrected
as inconsistent with the general finding for the plaintiff.

The propriety of a finding of fact favorable to the plaintiff at the trial
of an action heard in a District Court could not be raised on a motion
by the defendant for correction of a certain ruling on the ground that
it was inconsistent with a general finding for the plaintiff.

At the trial of an action for damage arising out of a collision of auto-
mobiles on a public way in Massachusetts, a request by the defendant
for a ruling, that, under G. L. (Ter. Ed.) c. 90, § 9, as amended, the
automobile of the plaintiff, operated by him, was not lawfully upon
the way at the time of the collision, properly was denied where there
was evidence that the plaintiff was a resident of New Hampshire,
that his automobile was registered there, and that he "had on his
person an insurance policy complying with the Massachusetts com-
pulsory insurance statute," and no contention was made that the
State of New Hampshire at the time of the accident did not grant to
residents of Massachusetts privileges substantially similar to those
granted to residents of New Hampshire by § 3, as amended.

No error appeared, at the trial of an action of tort in a District Court,
in the denial of a request by the defendant that "the plaintiff has
failed to prove by a fair preponderance of the evidence the allegation
in his declaration," even if it be assumed to be a request for a ruling
of law, where the judge found for the plaintiff and there was evidence
to support the finding.

TORT.   Writ in the East Boston District Court dated
August 8, 1944.

The case was heard by *Loschi,* J.

*A. B. Way, Jr.*, for the defendant.

*R. F. Roach,* for the plaintiff.

SPALDING, J. This is an action of tort arising out of a collision in Marlborough between an automobile owned and operated by the plaintiff and an automobile operated by the defendant. The judge made a general finding for the plaintiff. A report to the Appellate Division was dismissed and the defendant appealed to this court.

1. The only witness at the trial was the plaintiff. The judge granted the defendant's second request that "the evidence warrants a finding for the defendant." The defendant then filed a motion seeking a correction of this ruling on the ground that it was inconsistent with the finding for the plaintiff. This was a proper method of raising this question. *DiLorenzo* v. *Atlantic National Bank,* 278 Mass. 321, 323–324. *National Shawmut Bank* v. *Johnson,* 317 Mass. 485, 492. The motion was rightly denied. The alleged inconsistency, it is argued, arises from the fact that the judge by granting the second request impliedly found that there was evidence unfavorable to the plaintiff, and that since this came solely from the plaintiff it was binding upon him and required a finding for the defendant. But this conclusion rests on a false premise, for it attributes to the ruling an effect which it does not have. The granting of the request was a ruling merely that the evidence did not as matter of law require a finding for the plaintiff. *Hoffman* v. *Chelsea,* 315 Mass. 54, 55. And obviously such a finding was not required, for the judge was not obliged to believe the plaintiff's evidence even though it was uncontradicted. *Lindenbaum* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 314. *Lydon* v. *Boston Elevated Railway,* 309 Mass. 205. *Reardon Importing Co.* v. *Security Trust Co.* 318 Mass. 304, 307. If a finding for the plaintiff was not required, a finding for the defendant was warranted. The judge was therefore obliged to grant the request, and such a ruling would not be inconsistent with a finding for the plaintiff. *Dangelo* v. *Farina,* 310 Mass. 758, 759. *London Clothes, Ltd.* v. *Maryland Casualty Co.* 318 Mass. 692, 699.

2. The motion to correct the judge's ruling also sought to raise the question that the defendant was not sufficiently identified in the evidence. But this part of the motion had nothing to do with the correction of any ruling of law; it amounted to no more than a challenge of the judge's finding. It is well settled that "A finding of fact is not a proper subject of a report." *James B. Rendle Co.* v. *Conley & Daggett, Inc.* 313 Mass. 712. *Perry* v. *Hanover*, 314 Mass. 167, 169. *Ryerson* v. *Fall River Philanthropic Burial Society*, 315 Mass. 244, 245. The proper method of raising this question would have been by appropriate requests for rulings presented before the closing arguments or within such time thereafter as the court might allow. See Rule 27 of the District Courts (1940); *Reid* v. *Doherty*, 273 Mass. 388, 389. But even if the question were properly before us, it is without merit. The evidence was sufficient to identify the defendant as the person involved in the accident.

3. The judge rightly denied the defendant's first and fourth requests [1] which asked him to rule that the plaintiff's automobile was not lawfully upon the highway at the time of the accident. There was evidence that the plaintiff's automobile was registered in New Hampshire and it could have been found that the plaintiff was a resident [2] of that State and that at the time of the accident, as he testified, he "had on his person an insurance policy complying with the Massachusetts compulsory insurance statute." In these circumstances it could not be ruled as matter of law that the plaintiff's automobile was unlawfully on the ways of the Commonwealth at the time of the accident. G. L. (Ter. Ed.) c. 90, § 3, as appearing in St. 1939, c. 325, and amended; § 9 as amended. *Rummel* v.

---

[1] These were: "1. The automobile of the plaintiff was a trespasser upon the highways of this Commonwealth at the time of the accident." "4. The plaintiff has not complied with G. L. (Ter. Ed.) c. 90, § 9."

[2] There was evidence that, although he voted in Winthrop, the plaintiff owned a farm in Northwood Centre, New Hampshire, where he also operated a lumber business, and that he lived there the greater part of the time, "living in Winthrop . . . part of the time, perhaps once a month." See *Jenkins* v. *North Shore Dye House, Inc.* 289 Mass. 561; *Hopkins* v. *Commissioner of Corporations & Taxation*, 320 Mass. 168.

*Peters*, 314 Mass. 504, 509. No contention is made that the State of New Hampshire at the time of the accident did not grant to residents of Massachusetts privileges substantially similar to those granted to residents of New Hampshire by said § 3.

4. The judge denied the defendant's third request that "the plaintiff has failed to prove by a fair preponderance of the evidence the allegations in his declaration." If we assume in the defendant's favor that this was a request for ruling of law rather than for a finding of fact, it was properly denied. There was evidence that the plaintiff (who was proceeding on route 20 in Marlborough) "at the intersection of a country road" saw the defendant's automobile coming from his right at a speed of approximately twenty-five miles per hour; that it struck the plaintiff's automobile "in the forward right side turning the plaintiff's vehicle around"; that the defendant "continued to cross route 20 and came to a stop after striking a post on the opposite side"; and that the plaintiff saw the defendant "just before the contact some twenty feet away." Whether the defendant was negligent was a question of fact. *Bresnick* v. *Heath*, 292 Mass. 293, 297. *Aromando* v. *Leach*, 306 Mass. 286, 291. *Brightman* v. *Blanchette*, 307 Mass. 584, 586. *Gaines* v. *Ratnowsky*, 311 Mass. 254, 258.

*Order dismissing report affirmed.*