ABRAHAM J. WOLFE *vs.* JOSEPH F. LAUNDRE.

Suffolk.    January 2, 1951. — February 12, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Practice, Civil,* Findings by judge, Correction of error.

Upon a motion in a Municipal Court to correct alleged inconsistency be-
tween rulings made by the judge at the trial and a general finding for
the plaintiff, the judge might properly make further findings curing
any such inconsistency, and such findings properly could constitute
the basis of a denial of the motion and requests for rulings presented
in connection therewith and of dismissal by the Appellate Division of
a report of such action.

CONTRACT.    Writ in the Municipal Court of the City of
Boston dated September 1, 1948.

The case was heard by *Tomasello, J.*

*H. J. Webb,* for the defendant, submitted a brief.

*J. B. Abrams,* for the plaintiff.

SPALDING, J.    In April, 1945, the plaintiff, an electrical
contractor, entered into a contract with the defendant to
do the electrical work in connection with an artificial ice
plant that the defendant was constructing.    This action,
which arose out of that contract, was begun in the Munic-
ipal Court of the City of Boston to recover a balance
alleged to be due the plaintiff for labor and materials.    The
judge found for the plaintiff in the sum of $1,220.80.    It
is not disputed that this finding included two items of
$442.89 and $438.57 which, the plaintiff contended, were
due him for extra work in connection with the wiring of a
switchboard and a crane.    The defendant filed a motion
which, although designated as a motion for a new trial, was
in effect a request that the finding be corrected on the ground
that it was inconsistent with rulings made by the judge and
ought not to have included the two items for extras.    See

*DiLorenzo* v. *Atlantic National Bank*, 278 Mass. 321, 323–324; *Godfrey* v. *Caswell*, 321 Mass. 161, 162.

The judge revoked the finding originally made and found for the plaintiff in the sum of $999.07, "the difference being the amount of interest on the claim, previously included in the original finding." The revised finding did not in any way meet the defendant's objection that the two items for extras were improperly included in the original finding. In connection with his motion the defendant submitted four requests for rulings.[1] To a better understanding of these requests presented in connection with the motion it is necessary to set forth the defendant's third request, which was presented at the trial on the merits and was granted, as well as some of the evidence. The third request reads: "By virtue of the written notice annexed to the specifications, the plaintiff was informed that his bid was to include all necessary electrical work and materials in connection with the equipment referred to in said notice."

The following is a summary of what the report contains touching the two items for extras: Prior to the acceptance of the plaintiff's bid, plans and specifications were prepared showing the electrical work to be done in and about the defendant's building. Annexed to the first page of the specifications was a notice stating in substance that the electrical work to be performed included electrical work on or in connection with certain motors and control equipment

---

[1] These were: "1. The defendant's third request for a ruling of law having been granted, the court cannot properly include in any finding for the plaintiff any amount claimed by the plaintiff for labor and/or materials, as extras, in connection with the permanent wiring of the materials and control equipment referred to in the written notice annexed to the specifications. 2. The defendant's third request for a ruling of law having been granted, and the crane and switchboard having been items of material and control equipment that were referred to in the written notice annexed to the specifications, as a matter of law the court cannot properly make a finding for the plaintiff that includes any allowance, apart from the contract, for the permanent wiring of said crane, or of said switchboard. 3. The defendant's third request for a ruling of law having been granted, and the crane and switchboard having been items of material and control equipment that were referred to in the written notice annexed to the specifications, as a matter of law the court cannot properly make a finding for the plaintiff for any sum, as damages only, and not including interest, in excess of $385.61. 4. The defendant's first, second and third requests for rulings of law having been granted, as a matter of law the finding of the court should be consistent with said requests."

Wolfe *v.* Laundre.

that were being furnished by the defendant and were then stored on the job, and that each bidder "shall inspect this equipment and acquaint himself further with all work necessary and required." The plaintiff was furnished with a copy of the plans and specifications, and submitted a written bid to "furnish all electrical labor and materials, in accordance with said plans and specifications," for the sum of $5,490. This bid was accepted by the defendant. "Included in the motors and control equipment furnished by the defendant, and then stored on the job, were a crane . . . and a switchboard," both of which were to be and were in fact installed in the building. These installations were done by the plaintiff, who, before he did the work, viewed the premises but "did not see anything that resembled a crane or switchboard." The defendant, however, did nothing to prevent the plaintiff from finding out about the crane or switchboard, nor did he do anything to mislead him with respect to them.

About two months after the work had started the defendant asked the plaintiff if he would erect the switchboard and the plaintiff told him that this work was no part of the contract and that he "would do the work on it on a time basis at the rate of $2.75 per hour." At about the same time the defendant asked the plaintiff if he would "wire the crane." "The defendant never claimed it was a part of the contract." The installations were made by the plaintiff and the plaintiff "billed the defendant" for them as extras, charging $442.89 and $438.57, respectively, for the work on the switchboard and the crane. At no time prior to the commencement of the action "did the defendant dispute the invoices sent him, although he received such invoices in the usual course while the work was going on."

Except to the extent already mentioned, the defendant's motion to correct the finding was denied. The judge in effect denied the four requests presented by the defendant in connection with this motion by declining to pass on them. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210

Mass. 8, 17. *Mitchell* v. *Silverstein*, 323 Mass. 239, 240–241. Claiming to be aggrieved by the action of the judge with respect to the requests, the defendant requested a report to the Appellate Division. The Appellate Division was of opinion that the fourth request ought not to have been denied without an explanation that there was no inconsistency between the rulings and the finding. Accordingly the case was "referred back to the trial judge for further hearing upon the motion for a new trial. *Railway Express Agency, Inc.* v. *Michelson*, 311 Mass. 704, 709. *Lander* v. *Samuel Heller Leather Co. Inc.* 314 Mass. 592, 599."

Following a hearing pursuant to this order the judge disposed of the motion as follows: "Motion for new trial is denied without terms upon further hearing," and denied the defendant's four requests for rulings. The judge also made the following memorandum: "I further find on the facts that the defendant waived any right to [object to] [1] the plaintiff insisting on payment for extras, by his conduct subsequent to the entering into of the contract in issue." The defendant claimed a report to the Appellate Division, alleging that he was aggrieved by the denial of his requests and by the further findings quoted above in so far as they purport to be part of the record in this action or form any basis for the denial of the requests. From an order of the Appellate Division dismissing the report the defendant appealed.

There was no error.

The further findings of the judge cured any inconsistency that there might have been between his rulings and his general finding for the plaintiff. The defendant, however, contends here, as he did before the Appellate Division, that the judge ought not to have made further findings but that, even if he had the right to do so, such findings could not properly constitute the basis for the dismissal of the second report by the Appellate Division. The Appellate Division answered

---

[1] At the arguments before us counsel agreed that the words in brackets ought to be included to make the findings intelligible, and that these or similar words were undoubtedly omitted by inadvertence.

this contention as follows: "The trial judge . . . could correct any inconsistencies in his rulings or make further findings of fact in explanation of his rulings for the purpose of showing that there were no inconsistencies therein. This was the purpose for which the report was referred back to the trial judge and this is what he has done. The trial judge may at any time prior to entry of final judgment correct his findings or rulings in order that justice may be done." We are of opinion that the Appellate Division was correct both in its interpretation of its order and in its statement of the governing legal principles. *Peterson* v. *Hopson*, 306 Mass. 597. *DeLuca* v. *Boston Elevated Railway*, 312 Mass. 495, 496. *Sheriff* v. *Gillow*, 320 Mass. 46, 49. *Davis Brothers Fisheries Co. Inc.* v. *Pimentel*, 322 Mass. 499, 511.

The defendant argues that on this record a promise by the defendant to pay for the wiring of the switchboard and crane as extras would not be binding for lack of consideration because the plaintiff was already bound to do these things under the contract. That question is not before us on this report. If the defendant had desired to raise that question he should have presented an appropriate request to that effect at the hearing on the merits. This he failed to do.

*Order dismissing report affirmed.*