JOSEPH VIEIRA *vs.* ANTHONY BALSAMO.

Worcester. September 24, 1951. — November 2, 1951.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Practice, Civil,* Correction of error; Appellate Division: report; Requests, rulings and instructions. *Identity.*

A judge of a District Court, by making findings, including a general finding for the plaintiff, wholly inconsistent with rulings made upon requests by the defendant, did not in substance deny such requests; the remedy to cure the inconsistency was a motion to correct it or a motion for a new trial, not a report to the Appellate Division of the "rulings, refusals to rule as requested and the findings."

At the trial of an action against an individual described in the writ as "AB, doing business as B's Market of the City and County of Worcester," evidence that the plaintiff knew AB, that AB sold him the goods concerned in the action at B's Market in Worcester, that the writ was served in hand upon the defendant "in Worcester," and that he filed an appearance and an answer, warranted a finding that the defendant was the same AB who conducted the market and sold the goods to the plaintiff.

CONTRACT OR TORT.   Writ in the Central District Court of Worcester dated June 27, 1949.

The action was heard by *Barnes*, J.   In the report to the Appellate Division the judge stated: "The defendant claiming to be aggrieved by the rulings, refusals to rule as requested and the findings, I hereby report the same . . . ."

*P. V. Power*, for the defendant.

*M. Newman*, for the plaintiff.

WILKINS, J.   The defendant is described in the writ as "Anthony Balsamo, doing business as Balsamo's Market of the City and County of Worcester."   The sheriff's return shows service in hand upon the defendant "in Worcester." The action is to recover for injury to the plaintiff's teeth and mouth caused by biting upon a hard slate-like substance in a can of soup allegedly purchased by the plaintiff of the defendant.   There was a finding for the plaintiff, the Appellate Division dismissed a report, and the defendant appealed.

There was evidence tending to show that the plaintiff purchased a can of vegetable soup at Balsamo's Market on Shrewsbury Street, Worcester; that the plaintiff knew and was acquainted with Anthony Balsamo, who waited on him at the time of the purchase and recommended the soup to him; that the plaintiff heated the soup and, while consuming it, bit into "something hard," breaking a tooth and causing damage to his mouth.   The defendant did not testify, the only witnesses being the plaintiff and a dental expert.

The defendant made, and the judge granted, the following requests for rulings: "1. The evidence does not warrant a finding that the defendant sold to the plaintiff a can of soup

concerned in this action. 2. The evidence does not warrant a finding that the defendant entered into a contract or gave warranty to the plaintiff."

The judge found that on March 21, 1949, the plaintiff was a customer in the defendant's market; that the defendant selected and sold him a can of soup; and that later the plaintiff while consuming the soup bit upon a foreign substance and was hurt. The judge found that there was a breach of an implied warranty of fitness, and assessed damages.

In disposing of the requests the judge said: "I rule as requested in #1 but have found that the defendant sold to the plaintiff the can of soup concerned in his action. I rule as requested in #2 but have found that the defendant entered into an implied warranty with the plaintiff."

The defendant's first point is that the judge, in substance, denied the requests. This is not a correct analysis. The judge in so many words granted the requests but made findings wholly inconsistent with such action. It has been repeatedly held that where a general finding is inconsistent with the granting of a request, the remedy is not a report but a motion to correct the inconsistency or a motion for a new trial. *DiLorenzo* v. *Atlantic National Bank*, 278 Mass. 321, 323–324. *Godfrey* v. *Caswell*, 321 Mass. 161, 162. *Kelsey* v. *Hampton Court Hotel Co.* 327 Mass. 150, 153.

The defendant also argues that the evidence did not warrant a finding that the defendant sold the can of soup to the plaintiff or entered into any contract with him. This is, in effect, an argument that the judge rightly granted the defendant's first and second requests, thereby making rulings by which the defendant was not aggrieved. What the defendant really is trying to do is to contest the correctness of the findings on the issue of identity. "A finding of fact is not a proper subject of a report." *James B. Rendle Co.* v. *Conley & Daggett, Inc.* 313 Mass. 712. *Godfrey* v. *Caswell*, 321 Mass. 161, 163. But even if the question were properly presented, there is more than "bald identity of name without confirmatory facts or circumstances." *Her-*

*man* v. *Fine,* 314 Mass. 67, 68–69. The plaintiff testified that he knew Anthony Balsamo who sold him the soup at Balsamo's Market·on Shrewsbury Street, Worcester. He sued the defendant, who appeared and answered. The judge was warranted in inferring that the defendant is the same Anthony Balsamo who conducted the market and sold the plaintiff the can of soup.

No question of notice of breach of warranty under G. L. (Ter. Ed.) c. 106, § 38, has been raised.

*Order dismissing report affirmed.*