**Robert A. ROWE, Plaintiff**
vs.
**HARTFORD ACCIDENT and INDEMNITY COMPANY, Defendant/ Third Party Plaintiff**
vs.
**LOWELL GENERAL HOSPITAL Third Party Defendant**

**No. 8712**

District Court Division
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**March 3, 1982**

**Max A. Stoller,** counsel for plaintiff.
**John R. Bologna,** counsel for defendant, third party plaintiff.

**Wallace H. Levy,** counsel for third party defendant.

## OPINION

**Jodrey, J.** This is an action of contract wherein the plaintiff, Robert Rowe, seeks to recover Personal Injury Protection Benefits (PIP) under G.L. c. 90, sec. 34M, the "No-Fault Statute", so-called.

The answer of the defendant, Hartford Accident and Indemnity Company, sometimes hereinafter referred to as "Hartford", asserts that the underlying debt had been discharged and that the plaintiff would be unjustly enriched by making a double recovery.

Hartford impleaded the Lowell General Hospital, claiming that the hospital would be unjustly enriched and should account for funds paid in behalf of the plaintiff.

The court found for the plaintiff in the sum of $2,000.00 and awarded attorney's

fees to plaintiff's counsel in the amount of $2,027.50. Additionally, the court found for the third-party defendant, Lowell General Hospital.

At the trial there was evidence tending to show the following, and pursuant to the insurance carrier's request for findings of fact, the trial judge allowed paragraphs one through thirteen, to wit:

"1. Prior to and including September 24, 1978, the defendant/third party plaintiff, Hartford Accident and Indemnity Company (hereinafter the "Hartford") insured Brendan J. Kiernan by virtue of a Massachusetts Automobile Policy (hereinafter the "Policy").

2. On or about September 24, 1978, Brendan J. Kiernan, while operating his vehicle insured by the Hartford, struck and injured the plaintiff, Robert A. Rowe (hereinafter "Rowe"), during such time as Rowe was a pedestrian.

3. As a result of his injuries, Rowe was admitted to the facilities of the third-party defendant, Lowell General Hospital (hereinafter the "Hospital") on September 24, 1978, and, thereafter, he was discharged on or about October 25, 1978.

4. As a result of this hospitalization, Rowe incurred reasonable and necessary medical expenses in the amount of $5,549.43.

5. During the period of Rowe's hospitalization, the plaintiff's father, David Rowe, acting as father and agent of the plaintiff, Robert A. Rowe, executed a document, agreeing that "I further agree to fully reimburse the hospital and physicians for any and all charges incurred during my treatment, and assign all insurance benefits to them . . . ."

6. As a result of his injury and hospitalization, Rowe, through his attorney, on or about October 31, 1978, made an application to the Hartford for Personal Injury Protection (hereinafter "PIP") Benefits based on the medical expenses incurred by Rowe to the Hospital (but without documentation or specific proof as to the extent of the medical expenses).

7. By a draft check of the Hartford in the amount of $2,000.00 dated November 8, 1978, and made payable to "Lowell General Hospital for the account of Robert Rowe," the PIP Benefits were paid directly to the Hospital by the Hartford.

8. The Hospital on or before November 13, 1978, endorsed the $2,000.00 check, hereinbefore described, and applied the proceeds thereof to credit the account of Rowe in that same amount, thereby reducing the outstanding medical expenses of $5,549.43 accordingly.

9. No later than November 20, 1978, the plaintiff, by and through his attorney, knew that the Hartford had paid the $2,000.00 PIP Benefits directly to the Hospital.

10. On or about November 28, 1978, the plaintiff, by and through his attorney, submitted to the Hartford an itemized statement of medical bills of the Hospital in the amount of $5,549.43, and demanded that PIP Benefits in the amount of $2,000.00 be made directly to the plaintiff within thirty (30) days thereafter.

11. On or about December 13, 1978, the Hartford settled any potential tort liability issues arising out of the motor vehicle-pedestrian collision by tendering to the plaintiff the maximum liability coverage ($5,000.00) of the Policy.

12. The tort settlement, described above, is evidenced by a draft check of the Hartford, dated December 13, 1978, made payable to "Robert A. Rowe AND Attorney Max A. Stoller," and containing the nomenclature "IN FULL SETTLEMENT OF ALL CLAIMS".

13. No later than December 15, 1978, Rowe and his attorney each endorsed the $5,000.00 draft check, as hereinbefore described and obtained the proceeds thereof."

Additionally, at the trial there was further evidence tending to show the following:

a. Payment of the $2000.00 check by the insurance carrier directly to the Hospital was made by mistake;

"1. The plaintiff is not entitled to recover as a matter of law since there was no credible evidence at trial that plaintiff sustained any damages that were attributable to the defendant's conduct.

3. The judgment should be set aside because it would work a miscarriage of justice, to wit:

(a) the judgment allows a double recovery of the same benefit to the plaintiff."

This motion was denied.

The defendant has claimed a report to this Division on a charge of error in the trial court's denial of its requests and the denial of its motion for a new trial. In our opinion the denial of the requests for rulings constituted reversible error and is dispositive of the appeal.

Requests 14, 15, and 16 were "warrant requests" and to deny them amounts to a ruling that the evidence as a matter of law requires a finding for the other party. **Godfrey v. Caswell,** 321 Mass. 161, 162 (1947).

Request 17 becomes immaterial in view of our decision.

G.L. c. 90, sec. 34M, commonly referred to as the "No-Fault Statute", in essence provides for payment of medical expenses, a portion of lost wages not otherwise compensated and actual payments for certain non-income producing services performed by others on behalf of the injured person, all as arising out of personal injuries sustained in a motor vehicle accident occurring in the Commonwealth. Martin and Hennessey, **Automobile Law and Practice,** sec. 1155.5, 12 Mass. Practice Series (1967).

A reading of the No-Fault Statute shows the intent to be to provide quick payment of PIP Benefits by carriers, and in the absence thereof, quick judicial resolution of any disputes. The report in this case clearly evidences that Hartford was not reluctant or unwilling to pay PIP benefits. To the contrary, it paid the maximum coverage within three weeks after receiving documentation of the medical bills.

thereafter, the insurance carrier unsuccessfully attempted to order a stop payment of the draft; there was no evidence that the insurance carrier acted in bad faith at any time.

b. As to the remaining outstanding balance of the Hospital bill, $233.88 was paid by the plaintiff by a check in the same amount dated December 7, 1978; the Mass. Dept. of Public Welfare paid based on Welfare rates; other than the three sources of payment for the bill as already noted, the Hospital was never informed by the plaintiff of any other sources of available proceeds; upon receipt of the $2,000.00 PIP check the Hospital issued Releases of Lien to plaintiff's counsel and the insurance carrier on December 7, 1978 and December 8, 1978, respectively.

At the close of the trial and before final arguments the defendant filed requests for rulings. The requests which are brought before us by this report and the judge's rulings thereon are as follows:

"14. The evidence is sufficient to warrant a finding that the Hartford lawfully discharged its obligations with regard to the plaintiff and the PIP Benefits owed. DENIED.

15. The evidence is sufficient to warrant a finding that the plaintiff released the Hartford of any obligation owed for PIP Benefits by accepting a check from the Hartford, dated December 13, 1978, in the amount of $5,000.00 "IN FULL SETTLEMENT OF ALL CLAIMS." DENIED.

16. The evidence is sufficient to warrant a finding that the plaintiff is estopped from recovering from the Hartford in this claim, otherwise plaintiff would be unjustly enriched. DENIED.

17. The evidence is sufficient to require a finding that the Hartford is entitled to recover from the Lowell General Hospital the sum of any money that the Hartford is obligated to pay to the plaintiff. DENIED."

As against Rowe only Hartford timely filed a motion for a new trial, which in part asserted the following grounds:

The intent of the No-Fault Statute, therefore, was accomplished by Hartford, **i.e.,** quick relief to the injured party by payment of maximum PIP benefits.

The insured's automobile policy, which is a contract approved by the Commissioner of the Division of Insurance, comports with and implements the requirements of the No-Fault Statute. The policy provides that Hartford shall pay PIP benefits to or **for** (emphasis supplied) any pedestrian injured by the insured's vehicle . . .

Clearly, therefore, within the terms of the policy, the insurer can pay "for" the benefit of an injured pedestrian. Under the circumstances these terms of the policy should be given effect. This result is particularly persuasive since there is no language within the No-Fault Statute itself which contradicts specifically the cited insurance policy language.

Furthermore the trial judge specifically found that David Rowe, acting as agent of the insured, assigned all insurance benefits to the hospital and physicians, and that the plaintiff accepted a settlement check from the insurer in full settlement of all claims. Plaintiff, having assigned his insurance benefits and having released the insurer from all claims due in consideration of a settlement, ought not prevail in this action. For him to prevail would amount to an inequitable unjust enrichment.

In our view, on the facts and the law the defendant ought to prevail.

It is not necessary for us to consider the trial judge's actions upon the motion in order to resolve this case.

We reverse the trial justice.

By virtue of G.L. c. 231, sec. 110, we are empowered to render decision according to the justice of the case.

Upon consideration of all the foregoing we conclude that the judgment for the plaintiff should be vacated, and that judgment should enter for the defendant.

So ordered.

**Elliott T. Cowdrey, P.J.**
**John P. Forte, J.**
**H. Lawrence Jodrey, J.**

This certifies that this is the opinion of the Appellate Division in this cause.

**Charles R. Jannino**
Clerk, Appellate Division