Merrick J.
This is an action to recover abalance of $9,281.00 allegedly due for labor and materials furnished by the plaintiff corporations. Judgment was entered for the plaintiffs in the amount of $5,000.00, and the defendant claimed a report to this Division on a charge of error in the court s disposition of his requests for rulings of law “without having made any findings of fact.”
The reported evidence indicates that one Jose A Silva (“Silva”) was the president of the two plaintiff corporations, Silva and Santos, Inc. (“S&S”) and New Bedford Builders Supply and Rental, Inc. (“New Bedford”). Defendant Joseph Previte (“Previte”) hired the plaintiffs to construct a two and one-half foot stone wall with pillars around the swimming pool at his home. Silva quoted aprice of $6,500.00for the job and Previte paid that amount.
Before the job was completed, Previte requested certain changes and additions to the original work which included wider steps and a horseshoe shape in part of the wall, a fifty foot wall of two-sided stone around a patio with a new floor of lockstone, two additional walkways of Connecticut stone and the stuccoing of two existing walls. The parties’ present controversy arose from their disagreement as to the cost of these changes and additions.
Silva testified that there was no agreed price for the additional work, but that Previte told him to “keep track,” which Silva interpreted to mean that he should keep track of his time. Previte denied making such statement, and testified that Silva stated that the cost of the additional work would be “in line with” the price of the original job.
Silva kept track of his time and, upon completion of the work, caused the plaintiff corporations to issue two bills to Previte (presumably, one for labor and one for materials) in the total amount of $16,281.93. This charge was in addition to the $6,500.00 previously paid by Previte for the original work.
Although satisfied with the quality of the work done, Previte was “agitated” by the amount of the bills. He immediately telephoned Silva who was at home and in the middle of dinner. Previte angrily complained that the additional charges should not have been more than $6,500.00. He farther stated that he would pay only another $7,000.00, and would make such payment in two installments of $4,000.00 and $3,000.00. Silva, who was anxious to get Previte off the telephone so that he could finish his dinner, responded to each of Previte’s statements with “Do whatever you want” or “Fine.”
Previte forwarded two payments totalling $7,000.00, and made the following notation on the lower left front “memo” section of the second check: “final payment on wall.” Previte refused Silva’s subsequent demand for payment of the $9,281.00 bill balance, and this action ultimately ensued.
1. Previte’s requests numbers 2,4,7 and 9 as to S&S and numbers 6 and 8 as to New Bedford each sought a ruling that a finding was required as a matter of law that there *174 was an accord and satisfaction between the parties. Such requests were properly denied.
The affirmative defense of an accord and satisfaction ordinarily presents a question of fact upon which the defendant has the burden of proof. Champlin v. Jackson, 313 Mass. 487, 489 (1943); Wong v. Paisner, 14 Mass. App. Ct. 923, 924, (1982). To sustain his burden in the instant case, Previte was required to advance sufficient evidence of an unliquidated or disputed claim, which was settled and paid, upon the accord or agreement of the parties. See Chamberlain v. Barrows, 282 Mass. 295, 299 (1933). See generally, R. W. BISHOP, PRIMA FACIE CASE — PROOF AND DEFENSE, §42 (3rd ed. 1987 & 1993 Supp.).
The plaintiffs’ claim herein, whether such claim is viewed as one in contract for labor and materials, in quantum meruit for the value of the same or for an amount “in line with” the $6,500.00priceofthe original work,was clearly disputed orunliquidated. The evidence did not, however, conclusively establish that there was an accord or agreement between the parties, and the existence of such accord remained an issue of factfor the trial judge’s resolution. Evidence of the telephone conversation between Previte and Silva was readily susceptible to competing reasonable inferences that the parties had reached an agreement as to payment for the additional work or, conversely, that a hungry Silva was merely attempting to cut short an unwanted telephone call from a hostile Previte. Previte’s notation designating his second check as “final paymenton wall” did notunequivocally establish the existence of amutual accord. See Rosenblatt v. Holstein Rubber Co., 281 Mass. 297, 301 (1933). In short, the reported evidence did not require a finding of an accord and satisfaction as a matter of law.
2. The denial of Previte’s request number 2 was correct despite the parenthetical insertion therein of an additional issue as to New Bedford. The request states:
The evidence requires a finding for the defendant against the plaintiff New Bedford Builders Supply and Rental, Inc. (There was no contract between said plaintiff and the defendant. If there were any contract, there was an accord and satisfaction).
Although there is some suggestion in the pleadings that the original contract was between Previte and S&S only, the complaint may be reasonably interpreted as including a claim in quantum meruit for materials supplied by New Bedford.[2] More significantly, there is nothing in the reported evidence which even suggests that Silva was acting in behalf of only one of the corporations in any of his dealings with Previte.
3. There was also no error in the trial court’s disposition of Previte’s requests numbers 1,3, 6 and 8 as to S&S and numbers 1, 5 and 7 as to New Bedford which sought rulings that the evidence warranted an accord and satisfaction. The court properly disposed of each of these requests with the ruling, “Allowed, but I do not so find.”
Contrary to the defendant’s contention, the trial court was not obligated to make findings of fact in support of its allowance of these “warrant” requests. Such findings are necessary only in those cases where the evidence would permit a finding for the requesting party and the court denies a warrant request. DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 102-105 (1975); Liberatore v. Framingham, 315 Mass. 538, 542 (1944); Cooperstein v. Turner Bros Construc., Inc., 1992 Mass. App. Div. 249, 251-252. In the instant case, the court properly allowed Previte’s warrant requests, but added “I do not so find.”
*175 If a party requests from a District Court judge a ruling of law that ‘the evidence warrants a finding’ of a particular fact, even if the judge does not himself believe the fact to be true, the judge should allow the request as long as there is sufficient evidence from which a rational fact finder could determine that the fact is true. The judge also may state that he or she does not so find.
Gauvin v. Clark, 404 Mass. 450, 456-457 (1989). The court so treated Previte’s warrant requests in this case, and no additional findings of fact were necessary.
4. Previte’s remaining requests number 5 as to S&S and numbers 3 and 4 as to New Bedford are “negative warrant” requests which soughtrulings that the evidence “does not warrant” a finding for the plaintiffs. The court’s allowance of these requests constituted rulings that the evidence did not permit afinding for the plaintiffs and thus required afindingfor Previte as amatter of law. Hooper v. Kennedy, 320 Mass. 576, 576-577 (1947).
These requests should have been denied. See Anapolle v. Carver, 327 Mass. 344, 346 (1951); Patterson v. Ciborowski, 277 Mass. 260, 267 (1931). As these requestswere made by Previte, however, he may not now complain that they were granted. DiLorenzo v. Atlantic Nat’l Bk. of Boston, 278 Mass. 321, 323 (1932). Nor may he prevail on this appeal on the grounds that the court made no findings of fact to explain or clarify its allowance of these requests. 'With limited exceptions not here relevant, findings of fact are ordinarily not required in district court civil actions, Dist./Mun. Cts. R. Civ. P., Rule 52; Ashapa v. Reed, 280 Mass. 514, 516 (1932), and are generally unnecessary to the disposition of a “negative warrant” or “required” requests. See Memishian v. Phipps, 311 Mass. 521, 524 (1942). To the extent that Previte’s objection to the absence of findings of fact to clarify the court’s rulings may be deemed a claim of inconsistency between the court’s rulings and ultimate finding, Previte is foreclosed from appellate consideration of such issue by his failure to raise it in the trial court.
It has been repeatedly held that where a general finding is inconsistent with the granting of a request, the remedy is not a report but a motion to correct the inconsistency or a motion for a new trial.
Vieira v. Balsamo, 328 Mass. 37, 39 (1951). See also, Cook v. Kozlowski, 351 Mass. 708 (1967); Kelsey v. Hampton Court Hotel Co., 327 Mass. 150, 153 (1951); Godfrey v. Caswell, 321 Mass. 161, 162 (1947).
Report dismissed.

 Recovery in quantum meruit would be limited to the fair value of the benefit conferred, Continental Products, Inc. v. Oliveira, 1978 Mass. App. Div. 380, 389, as opposed to a contract price. If there is any difference between those amounts in this case, it was not raised by any request for ruling.