Coven, J.
This is an appeal by the plaintiff from a judgment for the defendants on their counterclaim for conversion. The defendants alleged that after a prior default judgment against them was vacated and the execution ordered returned, the plaintiff refused to return funds he had obtained through a levy upon such execution.
The principal action was commenced to recover $63,000.00 which the plaintiff had allegedly loaned to the defendants. The defendants failed to answer the complaint, and a default judgment was entered on March 29,1991. An execution was issued on April 9,1991.
On May 15, 1991, the court allowed the plaintiff’s motion to charge trustee North Middlesex Savings Bank, and the plaintiff subsequently obtained $52,047.13 by levy on defendant Virginia Shea’s bank account.
On June 26,1991, the defendants filed a motion to vacate the default judgment. On August 8, 1991, the defendants’ motion was allowed and the execution was ordered returned. The defendants thereafter filed an answer.
In November, 1993, the court allowed the defendants’ motion to amend their answer by adding a counterclaim for the plaintiff’s conversion, fraud and misrepresentation in refusing to return the $52,047.13 obtained by levy upon the defendant’s bank account. The counterclaim recited, in part:
The plaintiff, Philip Shea, converted to his own use the funds of the defendant, Virginia Shea, in excess of $52,000.00.
The defendants have made demand for the return of the funds but the plaintiff has refused.
Philip Shea obtained possession of such funds through fraud and misrepresentation.
After trial, the court allowed all of the plaintiff’s requests for rulings of law, and entered judgment for the plaintiff on his complaint in the amount of $33,025.00 and for the defendants on their counterclaim in the amount of $52,047.13. The plaintiff thereafter requested a report to this Division, claiming that the court’s judgment for the defendants on their counterclaim was inconsistent with the court’s allowance of plaintiff’s request for ruling of law number 4 which stated:
4. The Defendants claim that the Plaintiff obtained possession of their funds through fraud and misrepresentation. The defendants have failed to prove the elements of deceit. See Alpine v. Friend Bros., Inc., 244 Mass. 164.
*164 1. Extended analysis of the plaintiff’s allegations of error is unnecessary.[2] Con- ' trary to the plaintiffs primary contention on this appeal, the defendants’ right to recover on their counterclaim was not dependent upon proof of the plaintiff’s fraud and deceit. The reason is that the defendants’ counterclaim expressly sets forth an additional claim for conversion[3] which is a cause of action separate and distinct from that of fraud, misrepresentation or deceit.
The latter tort requires evidence of the plaintiff’s reliance to his detriment on a false misrepresentation of material fact made, with knowledge of its falsity, to induce the plaintiff to act thereon. Slaney v. Westwood Auto, Inc., 366 Mass. 688, 703 (1975). In contrast, a cause of action for conversion exists where one “intentionally and wrongfully exercises acts of ownership, control or dominion over personal property to which he has no right of possession at the time.” Abbington Nat'l Bank v. Ashwood Homes, Inc., 19 Mass. App. Ct. 503, 507 (1985). Deceit is not an element of the separate tort of conversion. There was thus no inconsistency in the court’s allowance of plaintiff’s request number 4 and its finding for the defendants on their counterclaim.
2. Second, there was no error in the court’s general finding that the plaintiff had in fact converted $52,047.13 of the defendants’ funds to his own use.
Although the bank account funds in question were rightfully obtained by the plaintiff through a levy upon an execution issued by the court, the funds were improperly retained by the plaintiff once the default judgment was vacated. Scigliano v. Palmer, 217 Mass. 555, 557 (1914). Evidence of the plaintiff’s wrongful retention of the funds, after demand for their return by the defendants, was sufficient to satisfy the defendants’ burden of proving their claim for conversion. Abbington Nat'l Bank v. Ashwood Homes, Inc., supra at 506-507; RESTATEMENT (SECOND) OF TORTS, §§237-240.
There being no error, the report is dismissed.

Indeed, the plaintiff is not entitled as of right to any appellate review in this matter. The plaintiff could not claim to be aggrieved by the allowance of his own requests for rulings of law. Woodman v. Haynes, 289 Mass. 114, 117-118 (1935). Neither could he have sought a report solely on a charge of error in the court’s general finding for the defendants on their counterclaim. Barton v. Cambridge, 318 Mass. 420, 423-424 (1945). Further, the plaintiff effectively waived any right to appellate review of any alleged inconsistency in the court’s general findings and rulings by failing to file a motion to correct such inconsistency or for a new trial. Cook v. Kozlowski, 351 Mass. 708 (1967); Viera v. Balsamo, 328 Mass. 37, 39 (1951); Silva & Santos, Inc. v. Previte, 1993 Mass. App. Div. 173, 175.

A11 pleadings, including the defendants’ counterclaim, are to be liberally construed so as to do substantial justice. Dist./Mun. Cts. R. Civ. R, Rule 8(f). “Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment.” Maty v. Grasselli Chemical Co., 303 U.S. 197, 200 (1938). See generally, Coolidge Bank & Trust Co. v. First Ipswich Co., 9 Mass. App. Ct. 369 (1980).