Greco, J.
This is a negligence action to recover for personal injuries sustained by plaintiff Robert Kovacev as the result of a fall. The trial court found for the defendants, and the plaintiff now claims on this appeal to be aggrieved by the court’s rulings on his requests for rulings of law, “by the fact that the court made general conclusions of law and called them findings of fact,” and by the denial of his motion for a new trial.
The reported evidence indicates that defendant Middlesex Corporation (“Mid-dlesex”) entered into a contract with defendant City of Medford (“Medford”) to replace the sidewalk and curbstone in front of 303 Boston Avenue. Middlesex, in turn, subcontracted the work out to defendant John J. Paonessa Co., Inc. (“Paon-essa”). A week prior to the plaintiff’s fall, Paonessa dug a six inch ditch in the gutter of the street adjacent to the curb and in front of the driveway at 303 Boston Avenue. (The record does not indicate whether the ditch was six inches deep or six inches wide). Paonessa never placed any warnings at the site.
On May 12, 1990, the plaintiff visited a friend at 303 Boston Avenue. On his way into his friend’s house, the plaintiff crossed the street in front of the house at a place where there was no hole. He was aware, however, that construction was going on in the area. When the plaintiff later left the house and crossed the street to return to his car, he fell into the ditch. He testified that the ditch was not visible to him while he was walking from his friend’s driveway toward the street and that he did not see it before he fell. The plaintiff alleged that he sustained bodily injuries in the fall, and introduced evidence of medical and chiropractic expenses and lost wages totalling $6,530.00.
In what he labelled as “Findings of Fact,” the trial judge stated:
On or about May 12, 1990, the plaintiff fell at or near the curb of 303 Boston Avenue, Medford, MA. At the time of said fall the defendant Mid-dlesex Corporation had a road construction job with the City of Medford. Middlesex Corporation was a subcontractor [sic] of John J. Paonessa Co., Inc. The Middlesex Corporation’s subcontract [sic] involved the area where said fall occurred. The plaintiff sustained numerous injuries.
The Court finds that the fall and the injuries resulting from said fall were not caused by the negligence of the defendants.
The injuries were caused by the negligence of the plaintiff as he stepped from the curb. The Court further finds that the defendants had no knowledge of dangers or defects at the construction site prior to May *78 12,1988, and finds that none existed on said date.
The plaintiff requested fourteen rulings of law, all of which were allowed by the trial court with the notation, “Mow, but the court does not so find. See findings of fact.” Of these fourteen requests, seven (Nos. 1, 2, 4, 6, 8, 13 and 14) addressed principles of law about which the plaintiff makes no contention on this appeal. Six of the remaining seven (nos. 5, 7, 9, 10, 11 and 12) were “warrant” requests which sought rulings that the evidence warranted various findings for the plaintiff on issues of due care, causation and damages. The last request (no. 3) was a “negative warrant” request which challenged the sufficiency of the defendants’ evidence on the issue of comparative negligence.
Judgment was entered on September 10, 1993. On September 24, 1993, the plaintiff filed a motion for a new trial in which he also requested that the court “open the judgment and amend the findings of fact and conclusions of law and direct an entry of a new judgment.” As grounds for his motion, the plaintiff stated:
The findings of fact were insufficient and did not specifically address each requested ruling of law. The findings of fact were merely conclusions of law. The findings of fact did not include any of the relevant evidence that the plaintiff set forth at the time of trial including photographs, answers of [sic] interrogatories and direct testimony as to the liability of the defendant Middlesex Corporation and especially the defendant John J. Paonessa Co.
The trial court subsequently filed “Amended Findings of Fact” which did not differ, however, in any significant way from its original findings.
1. It was not error for the trial court to allow the plaintiffs requests that the evidence warranted findings in his favor even though the court ultimately found for the defendants. Wood v. Spedoni, 328 Mass. 483, 485 (1952); Hoffman v. Chelsea, 315 Mass. 54, 56 (1943). In allowing these requests with the notation that he “[did] not so find,” the trial judge effectively ruled that the plaintiff had presented evidence which, if believed, was sufficient not only to warrant a finding in the plaintiffs favor, but also to prevent the entry of a required finding in the defendants’ favor. However, the trial judge was not obligated to believe the plaintiff’s evidence, and did not in fact find for the plaintiff on the basis of such evidence. As indicated in his findings of fact, the trial judge instead expressly found that the plaintiff’s fall was caused by his own negligence and not the defendants’. The trial judge’s disposition of the plaintiff’s warrant requests effectively followed the procedure suggested time and again by the Supreme Judicial Court. See DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 101-106 (1975) and cases collected therein. See also Gauvin v. Clark, 404 Mass. 450, 456-457 (1988).
2. The trial court’s ruling on request number 3 is more problematic. In that request, the plaintiff sought a ruling that “[t]he evidence does not warrant a finding that the plaintiff was guilty of comparative negligence.” The court’s allowance of this request was obviously inconsistent with the court’s finding for the defendants on the basis that the plaintiff’s injuries were caused by his own negligence.
There was, however, no reversible error. First, the plaintiff failed to raise the issue of an inconsistency in the trial court and to preserve such issue for appellate review. The “’proper remedy [was] not a report but a motion to correct the inconsistency or a motion for a new trial.’” Cook v. Kozlowski, 351 Mass. 708 (1967), quoting Vieira v. Balsamo, 328 Mass. 37, 39 (1951). Although the plaintiff filed a motion for a new trial, such motion did not address the inconsistency between the court’s ruling on request number 3 and the finding for the defendants. The obvious purpose of the required motion is to afford the trial judge an opportunity to correct any inadvertent inconsistencies in his rulings, to clarify such rulings or to make additional findings of fact in explanation of his rulings in order to demonstrate that *79 there were no actual inconsistencies therein. Raytheon Mfgr. Co. v. Indemnity Ins. Co. of No. America, 333 Mass. 746, 749 (1956); Wolfe v. Laundre, 327 Mass. 47, 51 (1951); Silva & Santos, Inc. v. Previte, 1993 Mass. App. Div. 173, 175. In the instant case, it was particularly important that the issue of an inconsistency be expressly and directly brought to the trial court’s attention. Request number 3 was the only “negative warrant*’ request among several ordinary warrant requests presented to the trial judge. His allowance of request number 3 may well have been nothing more than a simple oversight in his allowance of the plaintiffs requests as a group.
In any event, no prejudicial error resulted as the record in this case is “fairly susceptible of the construction” that request number 3 was “rendered immaterial” by the court’s findings of fact. See Caleb Pierce, Inc. v. Commonwealth, 354 Mass. 306, 311-312 (1968). In Bresnick v. Heath, 292 Mass. 293 (1935), the Supreme Judicial Court noted that to avoid reversible error in his treatment of plaintiff’s requests for rulings,
[i]t would have been simple for the trial judge to have made a statement that the defendant was found free from negligence as a matter of fact as the ground for denial of this request, or that the request had become immaterial because of a finding in favor of the defendant on the facts.
Id. at 298. We have such findings in this case. While not detailed, they amounted to more than “a mere assertion that unstated findings [rendered] the requested ruling immaterial.” Rummel v. Peters, 314 Mass. 504, 517-518 (1943). The stated findings adequately indicated the factual basis of the court’s ultimate finding for the defendants. No more was required.
3. For the same reason, there was no abuse of discretion in the denial of the plaintiff’s motion for a new trial which sought additional, more detailed findings of fact by the trial court. See generally, as to abuse of discretion standard, Cimino v. The Milford Keg, Inc., 385 Mass. 323, 326 n.3 (1982); W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 748 (1992). A trial judge in a district court civil action is not obligated, upon the mere request of the parties, to make any findings of fact not required by the evidence. Dist./Mun. Cts. R. Civ. R, Rule 52(a). See Mastercraft Wayside Furniture Co. v. Sightmaster Corp., 332 Mass. 383, 387-388 (1955); Ashapa v. Reed, 280 Mass. 514, 516 (1932). In this case, the trial judge made voluntary findings of fact which, coupled with his rulings of law, were sufficient to demonstrate that the trial judge’s finding in favor of die defendants was not due to the application of incorrect principles of law but was instead predicated on a factual determination that the defendants were not negligent. The plaintiff was not entitled to anything more.
Judgment affirmed. Appeal dismissed.