Merrick, J.
This is a Dist./Mun. Cts. R. A D. A, Rule 8A Expedited Appeal by plaintiff Fine Home Builders, Inc. (“the contractor”) following the entry of judgment in favor of the defendants (“the owners”) on both the complaint and counterclaim. The case turned entirely upon the trial judge’s resolution, upon conflicting evidence, of the issue of whether the parties agreed upon a stated contract price for the renovation of the owners’ property, as the owners assert, or a “cost-plus” *91 arrangement, as the contractor claims.
1. The sole basis for the contractor’s appeal[2] is its charge of error in the trial court’s denial of the contractor’s Mass. R. Civ. P., Rule 64A(b) (1) requests for rulings of law numbers 2 and 4, which stated:
2. The evidence warrants a finding for the plaintiff on the plaintiff’s complaint.
4. The evidence warrants a finding for the plaintiff/defendant-in-counterclaim on the defendant’s counterclaim.
As these requests sought a determination that the evidence was sufficient as a matter of law to permit a general finding for the contractor, appellate review of the trial court’s disposition of the requests would logically require consideration of the evidence adduced at trial. The contractor elected to proceed by way of an expedited appeal pursuant to Rule 8A Subdivision (a) (4) of Rule 8A mandates that an expedited appeal include:
[A] summary of the undisputed facts and so much of the evidence, including copies of pleadings and other documents, as may be necessary to decide the questions of law presented.
See Shorr v. Professional Photog. of America, Inc., 1997 Mass. App. Div. 61, 63; Scalia v. Liberty Mut. Ins. Co., 1995 Mass. App. Div. 69, 70-71. The “summary of the undisputed facts” prepared and filed by the contractor, however, states in its entirety:
The plaintiff introduced evidence that the contract between the parties was based on a so-called ‘cost-plus’ basis while the defendant introduced evidence that the contract between the parties was for a fixed sum.
Obviously, said summary is wholly inadequate as a trial court record upon which this Division could consider the question of whether the evidence was sufficient to have permitted the contractor to prevail. The contractor’s appeal of the denial of its requests for rulings numbers 2 and 4 would thus fail on that ground alone.
2. The expedited appeal includes, however, the trial judge’s four page decision in which he fully discussed what we may reasonably assume was the evidence adduced at trial, and in which he informed the parties of the legal and factual basis of his decision. The judge’s findings recite that there was a conflict in the parties’ testimony as to the fixed-sum or “cost-plus” basis of their contract, and clearly indicate that the judge accepted the owners’proof oí a stated price contract despite evidence that the contractor acted at all times as if there was a “cost-plus” agreement.
There are two options available to a trial judge who is faced with a Mass. R. Civ. R, Rule 64A(b) (1) “warrant” request for ruling of law of the type filed by the contractor herein.
fWjhere a judge in making his decision does consider all the evidence, and his decision does not result from any conviction that the evidence is insufficient as a matter of law, he need not hesitate to grant such a requested ruling if he believes it to be correct, instead of raising a really moot but nevertheless dangerous question by refusing or ignoring it... If in such a case, however, a judge chooses to take the opposite course of refusing the requested ruling, either expressly or impliedly by ignoring *92 it, and decides the case against the party presenting the request, he should make such findings, stated to be findings of fact upon all the evidence, as will show that his decision is not the result of any ruling that the evidence is insufficient as a matter of law to warrant a finding in favor of that party.
DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 104 (1975), quoting from Liberatore v. Framingham, 315 Mass. 538, 542 (1944). See also Cooperstein v. Turner Bros. Construc., Inc., 1992 Mass. App. Div. 249, 251-252. The trial judge in this case followed the second course. His findings are sufficiently clear and detailed to dispel any notion that, in denying the contractor’s requests numbers 2 and 4, he improperly acted upon a mistaken belief that the evidence would not have permitted a finding for the contractor as a matter of law.
3. Finally, the contractor argues that the judge’s findings conflict with his disposition of request for ruling of law number 3. The request and the judge’s ruling were as follows:
3. The evidence does not warrant a finding for the defendant on the plaintiff’s complaint.
Allowed, but I do not so find.
The court’s allowance of this Mass. R. Civ. R, Rule 64A(b) (2) “negative warrant” request constituted a ruling that the evidence did not permit a finding for the defendants, and thus required a finding for the contractor as a matter of law. Silva & Santos, Inc. v. Previte, 1993 Mass. App. Div. 173, 175, citing Hooper v. Kennedy, 320 Mass. 576 (1947). The proper remedy, however, for such an inconsistency between findings and a ruling is a Mass. R. Civ. R, Rule 59 motion for a new trial or to alter or amend the findings.[3] Cook v. Kozlowski, 351 Mass. 708 (1967); Vieira v. Balsamo, 328 Mass. 37, 39 (1951).
The obvious purpose of the required motion is to afford the trial judge an opportunity to correct any inadvertent inconsistencies in his rulings, to clarify such rulings or to make additional findings of fact in explanation of his rulings in order to demonstrate that there were no actual inconsistencies therein.
Kovacev v. Medford, 1995 Mass. App. Div. 77, 78-79, citing Raytheon Mfgr. Co. v. Indemnity Ins. Co. of No. America, 333 Mass. 746, 749 (1956), Wolfe v. Laundre, 327 Mass. 47, 51 (1951) and Silva & Santos, Inc. v. Previte, supra. The contractor filed no such motion.
The trial court’s judgment for the defendants is affirmed. Appeal dismissed.
So ordered.

 Other grounds stated in the contractor’s notice of appeal were not briefed, and are thus deemed waived. Dist./Mun. Cts. R. A D. A., Rule 16(a) (4); Draper v. Kids “R” Us, 1996 Mass. App. Div. 27 n. 4, and cases cited.

 Apart from the inadvertent inconsistency created by the allowance of request number 3, the addition of the phrase “but I do not so find” is inappropriate in the disposition of a request for a required finding.