Merrick, P.J.
This is an action for breach of the defendant’s agreement to perform the mechanical restoration of the plaintiff’s automobile.
The record indicates that in 1993, plaintiff Stephen Keene brought his 1967 Ford Mustang to defendant Matthew Moylan, d/b/a Mad Man Cycles (“Moylan”), for mechanical restoration after having had the car’s body restoration done elsewhere. Moylan quoted an approximate price of $6,000.00 for the work. However, even though Moylan retained the car for more than a year, he did not complete the mechanical restoration work. Moreover, he demanded additional monies in excess of the original quoted price for the partial work he did perform. The plaintiff's payments to Moylan ultimately totaled $11,700.00. Despite these payments and the fact that the work was never completed, the plaintiff was able to recover his car from Moylan only with the assistance of the police.
The plaintiff commenced this action to recover damages for the amount of the overpayment and for loss of use of the vehicle.[2] After trial, a judgment for the plaintiff in the amount of $7,742.50 plus costs and interest was entered. Moylan has appealed pursuant to Dist./Mun. Cts. R. A. D. A, Rule 8C on allegations of (1) error in the admission of expert testimony and (2) inconsistencies between the judge’s rulings of law and his general finding for the plaintiff.
1. The qualification of a witness to offer expert testimony is a matter resting within the broad discretion of the trial judge, Leibovich v. Antonellis, 410 Mass. 568, 572 (1991), Commonwealth v. Allen, 40 Mass. App. Ct. 458, 467-468 (1996), the exercise of which is accorded considerable deference on appeal. Cronin v. McCarthy, 22 Mass. App. Ct. 448, 449 (1986). The plaintiff called as an expert witness one Steven Christie (“Christie”) who had been a Ford automobile mechanic since 1981 and had served for the last four years as shop foreman at Wayside Ford in Marlborough, Massachusetts. Christie had completed all training courses made available by Ford and had obtained a Master Mechanics Certificate. While he had worked extensively on Fords, he had admittedly limited experience on Mustangs of the vintage of the plaintiff’s car. He did, however, have both access to, and the experience to use, manuals containing standardized costs of Mustang parts and the labor factors involved in their installation. Christie obtained and reviewed Moy-lan’s work orders for work performed on the plaintiff’s vehicle, and then examined the plaintiff’s vehicle to identify and assess the work done. Over Moylan’s objec *263 tion, the trial judge allowed Christie to testify as to the value of the work performed by Moylan on the plaintiff’s Mustang.
There was no abuse of discretion in the judge’s qualification of Christie as an expert. “The crucial issue,’ in determining whether a witness is qualified to give an expert opinion, ‘is whether the witness has sufficient education, training, experience and familiarity with the subject matter of the testimony.’” Commonwealth v. Richardson, 423 Mass. 180, 183 (1996). See also McLaughlin v. Selectmen of Amherst, 422 Mass. 359, 361-362 (1996); Keville v. McKeever, 42 Mass. App. Ct. 140, 151 (1997). Moylan’s argument that Christie had limited experience on the particular type of vehicle in question was relevant only to the weight, rather than the admissibility, of the evidence. Blake v. Avedikian, 412 Mass. 481, 483 (1992); Letch v. Daniels, 401 Mass. 65, 69 (1987).
2. Moylan also contends that the trial judge’s ultimate finding for the plaintiff was inconsistent with his allowance of Moylan’s requests for rulings of law that the evidence warranted findings that the plaintiff sustained no injury and that Moylan did not breach his contract. However, the allowance of Moylan’s “warrant” requests merely constituted rulings that the evidence would have permitted, but did not require, the court to make the findings in question. Cooperstein v. Turner Bros. Constr., Inc., 1992 Mass. App. Div. 249, 251. It is well established that
[i]f a party requests from a District Court judge a ruling of law that the evidence warrants a finding of a particular fact, even if the judge does not himself believe the fact to be true, the judge should allow the request as long as there is sufficient evidence from which a rational fact finder could determine that the fact is true.
Gauvin v. Clark, 404 Mass. 450, 456-457 (1989). There is no inconsistency between the allowance of a warrant request for one party and the entry of a judgment in favor of the opposing party. Mastercraft Wayside Furn. Co. v. Sightmaster Corp., 332 Mass. 383, 388 (1955); Kovacev v. Medford, 1995 Mass. App. Div. 77, 78.[3]
The court’s judgment for the plaintiff is affirmed. The defendant’s appeal is dismissed.
So ordered.

 An additional complaint claim for G.L.c. 93A unfair and deceptive practices was withdrawn by the plaintiff at the conclusion of trial. The trial judge properly declined to rule on requests for rulings relating to that claim.

 In any event, the proper remedy for an actual inconsistency between findings and rulings is a Mass. R. Civ. R, Rule 59 motion for a new trial or to correct the inconsistency by altering or amending the findings. Cook v. Kozlowski, 351 Mass. 708 (1967); Fine Home Builders, Inc. v. Humenn, 1998 Mass. App. Div. 90, 92 and cases cited.